27132. PASSIEU *v.* B. F. GOODRICH COMPANY.

DECIDED NOVEMBER 10, 1938.

*Wilson, Bennett, Pedrick & Bennett, A. S. McQueen,* for plaintiff in error.

*John L. Youngblood,* contra.

FELTON, J. B. F. Goodrich Company instituted a trover suit against C. J. Passieu, to recover certain automobile truck tires and tubes. The judge, trying the case without a jury, found for the plaintiff, and the defendant excepted. The question for determination is whether the title retained by a duly recorded contract retaining title to tires and tubes is superior to the title to the same tires and tubes by virtue of title retained by a previous duly recorded contract retaining title to the truck to which the tires and tubes were subsequently attached. The only question with which we are dealing is the relative rights of the holders of the retention-of-title contracts to the property in question. The contract which retained the title to the truck upon which the tires sued for were subsequently placed provided that additions to the truck should become a part of the truck and be covered by the contract. The plaintiff in error contends that this provision and record notice of it to the defendant in error put the title to the tires sold by defendant in error to the owner of the truck in the holder of the contract covering the truck. We do not concur in this view, for two reasons. One is that a mortgage, bill of sale to secure debt, and a retention-of-title contract are to most intents and purposes the same (*Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446, 449, 134 S. E. 107), and under the Code, § 67-103, declaring that "A mortgage may embrace all property in possession,

or to which the mortgagor has the right of possession at the time, or may cover a stock of goods, or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to the purchases made to supply their place," can not become binding on one who executes any one of the three contracts above named as to property which is not in his possession and to which he does not have the right of possession at the time the instrument is executed. *Durant* v. *Duchesse D'Auxy*, 107 *Ga.* 456 (33 S. E. 478) ; *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works*, 145 *Ga.* 831 (4) (88 S. E. 584) ; *Hogg* v. *Fuller*, 17 *Ga. App.* 442 (87 S. E. 760). The other is that the exception in the above Code section is of stocks of goods or other things in bulk which change in specifics. We do not think it could be seriously contended that an automobile or truck is a stock of goods in bulk, or anything else in bulk, or that it is such a thing as changes in specifics within the meaning of the law. The Code section, as we interpret it, means things which in the course of time normally have a complete or practically complete change of content. Certainly this is not true of an automobile or truck. The only premise, therefore, upon which the plaintiff in error can base his claim is that the tires and tubes form such an integral part of the truck, and are of such a nature and are so attached to it, that the truck and the tires and tubes are one and the same thing under the accession rule.

So far as we know, this is the first time this question has been presented to an appellate court of this State for determination. It has been decided in a majority of States where the question has been passed on that in the circumstances set forth the title to the tires is in the seller of the tires; some of these decisions considering the case from the accession provision in the contract retaining title to the truck, and some from the "unity" or "integral part" point of view. While it may not be entirely logical to say that the tires and tubes become an integral part of the truck as between the owner and the holder of the contract retaining title to the truck, and that they do not become an integral part of it as to the seller of the replacement tires and tubes, we think that equity, good conscience, and other considerations of public policy will supply whatever logical deficiencies appear. Every one who buys a truck knows that the replacement of tires and tubes is inevitable from a stand-

point of keeping the vehicle in service, and from a standpoint of protection of life and the property itself. Hence the ease with which they are removable. It seems to us that it would be entirely accurate to say that a tire or tube which has become so worn or deteriorated as to necessitate replacement becomes as to the truck to which it is attached what a trade fixture is to real property. This, not only because of the above consideration, but because of the ease with which tires and tubes may be removed without any injury or damage whatever to the vehicle from which they are removed. Another analogy may be drawn, we think, without weakening the line of reasoning followed. A furnace is a part of the realty, but the owner of a home subject to a security deed may replace a worn-out furnace and give a valid contract or bill of sale on a new furnace, superior to the security deed. The deed holder would acquire the title as against the, home owner, but not as against the seller of the replacement furnace. Why should not the same principle of contracting against property not becoming a part of the realty apply to a contract against an accessory becoming integrated in other personal property, so long as removal may be effected without injury, and so long as no question of impairment of security or bad faith is involved? The title to the tires never did pass to the owner of the truck; and we can think of no reason why the seller of the tires and tubes would be estopped to claim title to them, unless there was fraud practiced in the replacement. Surely the seller would not be estopped because he made traveling safer for the truck and its drivers and made use of the truck surer and continuous at least for a time. The seller's action can not reasonably be said to have caused the party holding the contract on the truck to have acted to his injury. So we conclude that the seller of the tires and tubes has the superior title, and that the judgment of the court below was correct. Goodrich Silvertown Stores v. Caesar, 214 N. C. 85 (197 S. E. 698) ; 2 Berry on Automobiles (6th ed.), § 1806; Lincoln Road Equipment Co. v. Bolton, 127 Neb. 224 (254 N. W. 884) ; Goodrich Silvertown Stores v. A. & A. Credit System Inc., 200 Minn. 265 (274 N. W. 172); Firestone Service Stores Inc. v. Darden (Tex. Civ. App.), 96 S. W. 316; Goodrich Silvertown Stores v. Pratt Motor Co., 198 Minn. 259 (269 N. W. 464) ; Meisel Tire Co. v. Mar-Bel Trading Co., 28 N. Y. Supp. 335, and cit.; 92 A. L. R. 427, and cit.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*