27159. IVEY'S INC. *v.* SOUTHERN AUTO STORES.

DECIDED JANUARY 18, 1939.

*Wyatt & Morgan,* for plaintiff in error. *H. C. Harrison,* contra.

BROYLES, C. J. In a certiorari proceeding the judge of the superior court affirmed the judgment of a justice of the peace finding certain automobile casings and tubes subject to the fi. fa. of Southern Auto Stores and against the claim of Ivey's Inc.; and the exception is to this judgment.

It appears from the petition for certiorari that counsel for Southern Auto Stores and Ivey's Inc. entered into an agreed statement of facts which is substantially as follows: On June 14, 1937, Ivey's Inc., claimant, sold to Eli Smith an automobile under a retention-of-title contract retaining title to the car in the seller until it was paid for, and providing that "if purchaser default in complying with terms hereof . . , seller . . may take immediate possession of said property without demand . . ., including any equipment or accessories thereto." Said contract was filed for record on June 15, 1937, and was duly recorded. On June 16, 1937, Southern Auto Stores sold Eli Smith certain automobile casings and tubes under a retention-of-title contract retaining title to the property in the seller until it was paid for. This contract was signed by Smith and duly witnessed, but was never recorded. "Said casings and tubes were subsequently installed on the said . . automobile." Neither the purchase-price of said automobile

nor the purchase-price of the casings and tubes was ever paid. "Prior to September 22, 1937, Ivey's Inc. . . demanded payment or return of said automobile," and, "upon the failure of . . Eli Smith to make payment on the . . automobile, Ivey's Inc., in accordance with the terms of the contract," and without legal proceedings, repossessed the automobile. At that time said "tires and tubes . . were on said automobile . . and remained in the possession of Ivey's Inc., who refused to surrender same to Southern Auto Stores upon demand." When "Ivey's Inc. repossessed said automobile their agent was informed by the defendant [Eli Smith] that the . . tires and tubes belonged to Southern Auto Stores under a conditional-sales contract and had not been paid for." On September 22, 1937, Southern Auto Stores foreclosed its retention-of-title contract as a mortgage, and the fi. fa. issued in the foreclosure proceedings was levied "on the casings and tubes . . while on said automobile in the possession of Ivey's Inc." On September 24, 1937, Ivey's Inc. filed its claim to said casings and tubes. As already stated, the justice of the peace before whom the claim case was tried found against the claimant, and, on certiorari, the judge of the superior court did likewise.

In its petition for certiorari the plaintiff in error contends that when "Southern Auto Stores allowed the casings [and tubes] to become attached" to the automobile to which Ivey's Inc. held a recorded retention-of-title contract, under the law of accession, "said tires [and tubes] became the property of Ivey's Inc. until said retention-of-title contract had been paid by the defendant, Eli Smith." We can not agree to this contention. In *Passieu* v. *B. F. Goodrich Company*, 58 *Ga. App.* 691 (199 S. E. 775), this court made the following holding: "Automobile tires and tubes, attached to an automobile truck subsequently to the execution and recording of a conditional-sale contract retaining title to the truck, do not become an integral part of the truck, under the principle of accession, as against the conditional seller of the tires and tubes under a duly-recorded contract retaining title thereto, under the facts in this case, and the court properly rendered judgment in favor of the seller of the tires and tubes." That decision is controlling in principle in the instant case.

The fact that the seller of the casings and inner tubes in this case did not record his contract retaining title thereto is immaterial,

it appearing that the agent of Ivey's Inc. had notice of the fact that the casings and tubes belonged to Southern Auto Stores under a conditional-sales contract and had not been paid for. Moreover, the preponderance of outside authorities appears to be against the contention of the plaintiff in error. "Following the pronouncement in Clark *v.* Wells, 45 Vermont, 4 [12 Am. R. 187], the courts have consistently held that the doctrine of accession is inapplicable where the buyer of property under a conditional-sales contract places such property upon other personal property purchased from another person under a conditional-sales contract if the property so placed can be conveniently detached and has not become an integral part of the property to which it is attached." 1 C. J. S. 416, § 4b. "Where the purchaser of an automobile under a conditional-sales contract during his possession of the car purchased certain casings and inner tubes for use on the automobile, the title to which was retained by the seller until the purchase-price was paid, the seller of the tires and casings after the car had been retaken by the conditional seller was entitled to recover the tires and casings or their value on default in payment of purchase-price, since the tires and casings could be removed from the car without injury to the remaining parts." Motor Credit. Co. *v.* Smith, 181 Ark. 127 (68 A. L. R. 1239, 24 S. W. (2d) 974). A like ruling was made in General Motors Truck Co. *v.* Kenwood Tire Co., 94 Ind. App. 25 (179 N. E. 394). On page 26 of that case, the court says: "The doctrine of accession is well stated in 2 Berry, Automobiles (6th ed.) 1929, § 1806, as follows: 'Where the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, *provided the title to such parts passed to the purchaser when he acquired them.*'" (Italics ours.) See also Snyder Inc., *v.* Aker, 134 Misc. 721 (236 N. Y. Supp. 28) ; Bousquet *v.* Mack Motor Truck Co., 269 Mass. 200 (168 N. E. 800). "Only as against third parties must a retention-of-title contract be probated and recorded. As between the parties themselves and *persons who have notice,* the reservation of title is good whether recorded or not. *American Book Co.* v. *Brunswick Co.,* 12 *Ga. App.* 259 (77 S. E. 104) ; *Tremere* v. *Barfield,* 12 *Ga. App.* 774, 777, 778 (78 S. E. 729). The phrase 'third parties,'

as used in section 3318 of the Civil Code [Code, § 67-1401], means such creditors as have secured a lien upon the property." *Bacon v. Hanesley,* 19 *Ga. App.* 69 (2) (90 S. E. 1033). "Though, . . failure to have a contract of conditional sale recorded will deprive the seller who thereby reserves title of any protection which would enure to his benefit because of the constructive notice arising from the fact of recording, it is nevertheless true that he will be preferred to one who purchases from his vendee with actual notice of the fact that he had in a written contract, attested by a subscribing witness, reserved the title." *Hill* v. *Ludden & Bates,* 113 *Ga.* 320 (2), 324 (38 S. E. 752). To the same effect is *Glisson* v. *Burkhalter,* 31 *Ga. App.* 365 (120 S. E. 664).

In the instant case Ivey's Inc. had no lien on the casings and tubes, had not extended credit to Southern Auto Stores or to any one else on the strength of the apparent ownership of the property, and was not a purchaser of the casings and tubes. We therefore think that in so far as Ivey's Inc. is concerned it was unnecessary to record the retention-of-title contract, to the casings and tubes. But, in any event, it is stipulated in the agreed statement of facts that "at the time Ivey's Inc. repossessed said automobile their agent was informed by the defendant [Eli Smith] that the . . tires and tubes belonged to Southern Auto Stores under conditional-sales contract and had not been paid for;" and this was actual notice of Southern Auto Stores' retention-of-title contract. In our opinion the court properly overruled the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*