58996. MIXON v. GEORGIA BANK & TRUST COMPANY
et al.

SMITH, Judge.

Appellant brought a trover action against appellees alleging that appellees converted a CB radio belonging to appellant when they repossessed appellant's automobile. The trial court granted appellees motion for summary judgment. We reverse.

The basic question which must be resolved in this case is whether a CB radio which was "connected [to]," "added to," and "placed in" an automobile is an "accession" as a matter of law. See UCC § 9-204(2) (Code Ann. § 109A-9—204(2)); UCC § 9-314 (Code Ann. § 109A-9—314).

The parties have placed great reliance on the case of *Passieu v. B. F. Goodrich Co.*, 58 Ga. App. 691, 692 (199 SE 775) (1938), which contains the following language: "The only premise, therefore, upon which the plaintiff in error can base his claim is that the tires and tubes form such an integral part of the truck, and are of such a nature and are so attached to it, that the truck and the tires and tubes are one and the same thing under the accession rule.

"So far as we know, this is the first time this question has been presented to an appellate court of this State for determination. It has been decided in a majority of States where the question has been passed on that in the circumstances set forth the title to the tires is in the seller of the tires; some of these decisions considering the case from the accession provision in the contract retaining title to the truck, and some from the 'unity' or integral part point of view. While it may not be entirely logical to say that the tires and tubes become an integral part of the truck as between the owner and the holder of the contract retaining title to the truck and that they do not become an integral part of it as to the seller of the replacement tires and tubes, we think that equity, good conscience, and other considerations of public policy will supply whatever logical deficiencies appear."

We reject the proposition that a determination of whether one chattel is an accession to another is, for purposes of Article 9 of the Uniform Commercial Code, dependent upon the relationship between the parties to an action. Whether a chattel is an "accession" depends upon the relationship that such chattel bears to another. The rules of priority which govern the relationship between the parties and the property are set forth in Article 9 of the Code. To the extent that *Passieu v. B. F. Goodrich Co.*, supra, stands for a contrary proposition, it will not be followed.

Appellees contend that since the CB radio was "connected [to]," "added to," and "placed in" the automobile, the CB radio is an accession as a matter of law. We disagree. Although UCC § 9-314 (1) (Code Ann. § 109A-9—314 (1)) defines accessions as "goods which . . . are installed in or affixed to other goods . . ." (See *Glenn v. Trust Co. of Columbus,* 152 Ga. App. 314 (262 SE2d 590) (1979)), the Code does not indicate the degree to which one chattel must be affixed to another in order to constitute an accession. Under *Passieu v. B. F. Goodrich Co.,* supra, the lesser chattel must "form such an integral part" of the greater chattel and must be "so attached to it" as to constitute "one and the same thing." Id at 692, While this language need not be taken literally, it does provide a guide for determining the degree to which one chattel must be attached to another in order to constitute an accession.

"On a motion for summary judgment by the defendant, the complaint is to be construed liberally in favor of the complainant. The burden is upon the movant to show no genuine issue as to any material fact, and the opposing party is given the benefit of all favorable inferences that may be drawn from the evidence . . ." *Candler General Hospital v. Purvis,* 123 Ga App. 334, 335(181 SE2d 77) (1971).

On the basis of the evidence of record, we cannot say, as a matter of law, that the CB radio was so affixed to the automobile as to constitute an accession.

*Judgment reversed. Deen, C. J., Quillian, P. J., Banke, Birdsong and Sognier, JJ., concur. McMurray, P. J., Shulman and Carley, JJ., concur specially.*

ARGUED NOVEMBER 20, 1979 — DECIDED MARCH 18, 1980 —

*Rachael G. Henderson, Raiford Stanley, Jr.,* for appellant. *John T. McGoldrick, Jr.,* for appellees.

CARLEY, Judge, concurring specially.

I concur in the result reached by the majority which is to reverse the grant of summary judgment in favor of the appellees. I do so because, after a thorough review of the record, I agree with the majority that "we cannot say, as a matter of law, that the CB radio was so affixed to the automobile as to constitute an accession."

However, I do not agree with the majority's determination that *Passieu v. B.F. Goodrich Co.,* 58 Ga. App. 691 (199 SE2d 775) (1938), should no longer be followed. The effect of the majority opinion is to

overrule or at least disapprove *Passieu*. Even assuming that the vitality and logical consistency of the continuing body of law would be served by overruling *Passieu* (a proposition with which I personally disagree), this case is simply not the vehicle with which to so affect stare decisis in this area of the law. *Passieu* involved the claim of an unpaid seller retaining a security interest in tires and tubes attached to a vehicle by the owner who gave the claimant a security interest. *Passieu* did not involve a claim based upon a security interest in the vehicle itself; this case does. However, this case does not involve the seller of the CB radio and does not adjudicate the effect of the attachment to the vehicle of the CB radio on a security interest which might have been retained in said radio. If what I perceive to be a very logical and rational distinction between the holder of a security interest in a small chattel affixed to a larger one and the holder of a security interest in the larger chattel is to be disapproved, such action must await another case and another day. To me it is significant that the majority has — and I think properly so — relied upon the clearly applicable language in *Passieu* as the majority's "guide for determining the degree to which one chattel must be attached to another in order to constitute an accession."

I am authorized to state that Presiding Judge McMurray and Judge Shulman join in this special concurrence.