## 60517. AUSTRIAN MOTORS, LIMITED v. TRAVELERS INSURANCE COMPANY.

CARLEY, Judge.

Austrian Motors, plaintiff below, appeals from the grant of summary judgment to Travelers Insurance Company (Travelers). The issue presented for resolution involves application of the law of accession in a factual context which has apparently never before been the subject of an appellate decision in this state. The evidence, construed most favorably for Austrian Motors, is as follows: An individual representing himself to be Gregg Hill and the owner of a Mercedes Benz automobile contracted with Austrian Motors to make extensive repairs to the vehicle. Hill left the car but subsequently returned to Austrian Motors and requested that the tires and wheels be removed and delivered to him for "polishing." The tires and wheels were removed and delivered to Hill. So that the vehicle could be mobile during the repair process the items given to Hill were replaced with equipment belonging to Austrian Motors. Hill was told that the repair work would not be completed for several weeks and he in turn promised to call for the car at the expiration of the stated

period of repair. The repair work was then undertaken and completed by Austrian Motors and its subcontractor. Hill, however, had no further communication with Austrian Motors. Attempting to locate Hill, Austrian Motors contacted the Atlanta Police Department. The officer sent to investigate determined that the unclaimed car had been stolen. An official of Austrian Motors, upon being informed that the automobile would be towed away, told the officer that Austrian Motors had done extensive repair work on the car and that the wheels and tires were not the original equipment but were affixed to the vehicle by Austrian Motors. The officer explained that it was the policy of the police department not to permit the removal of any part or accessory from a vehicle once it had been determined to be stolen but that he would note on the wrecker report that the wheels and tires belonged to Austrian Motors. The car was then relinquished by Austrian Motors to the police and it was towed away.

Thereafter, Austrian Motors learned that the car had been claimed by Travelers as assignee of its insured, the true owner. Austrian Motors contacted Travelers and demanded payment in the amount of $4,570.04, claiming that amount represented "parts, accessories, labor, bodywork, paint, tires and wheels constituting [its] property placed on the Mercedes." Apparently Travelers entered into discussions and negotiations concerning the claim of Austrian Motors. However, Travelers sold the car at public auction without making any payment to Austrian Motors or returning the wheels and tires or any other property placed on the vehicle by Austrian Motors.

The instant action was instituted by Austrian Motors to recover $4,570.04 for "parts, labor and tires" and punitive damages. Travelers answered, denying any liability to Austrian Motors under this set of facts. After discovery Travelers moved for and was granted summary judgment. This appeal results.

"Accession" is defined as "[a] principle derived from the civil law, by which the owner of property becomes entitled to all which it produces, and to all that is added or united to it, either naturally or artificially, (that is, by the labor or skill of another,) even where such addition extends to a change of form or materials; and by which, on the other hand, the possessor of property becomes entitled to it, as against the original owner, where the addition made to it by his skill and labor is of greater value than the property itself, or where the change effected in its form is so great as to render it impossible to restore it to its original shape." Black's Law Dictionary (5th Ed. 1979). Under this definition we have no difficulty disposing of Austrian Motors' contention that summary judgment was erroneously granted because through its extensive repairs it had

acquired title to the entire car by accession. The only possible "possessory" interest Austrian Motors could claim in the vehicle would be that based upon a mechanics' lien which could not be asserted against the right of possession in Travelers, the non-debtor record title holder. "[O]ne cannot demand compensation for the voluntary additions which he has made to the value of another's property without the assent of the owner . . ." 1 AmJur2d, Accession and Confusion, § 14, p. 284. Furthermore, the evidence affirmatively demonstrates that whatever the effect of Austrian Motors' repair work it did not transform the original identity of the chattel as a Mercedes Benz automobile. "In order for an innocent trespasser or a person acting under mistake of right to acquire title by accession by reason of improvements or changes made in personal property most courts require that the identity of the original property be lost by its transformation into an article substantially different. The mere fact that unauthorized persons have bestowed expense or labor upon it does not bar the owner's right to reclaim his property so long as identification is not impracticable. Even in the case of an innocent trespass, if the materials taken can still be identified, and the labor and materials of the trespasser are not shown to have gone farther than the appropriated materials toward producing the present valuable chattel, the owner of the materials is still entitled to the chattel." 1 AmJur2d, Accession and Confusion, § 12, p. 283.

Thus, we find that Austrian Motors acquired no right to the entire automobile by virtue of its repair work and that Travelers was entitled to the return of the automobile. Compare Ochoa v. Rogers, 234 SW 693 (Tex. Civ. App. 1921). The only question remaining is whether Travelers acquired title by accession to the property of Austrian Motors which went into the repair work and was thus entitled to retain possession of the vehicle in its repaired state or whether it converted Austrian Motors' property when it reacquired the repaired stolen vehicle and sold it in its repaired condition.

"The courts have uniformly recognized the principle that possession of an automobile by a thief is a continuing wrong, and if the wrongdoer adds new parts, the property in its enhanced value or changed condition still belongs to the original owner, who may retake it with the accessions thereto . . . On the other hand, a distinction has been made in most cases between a wilful and an involuntary wrongdoer, so that where the accession was accomplished by an innocent person who came into possession of the automobile without knowledge of its stolen character, such person was allowed to retain title to the accessories if they were detachable, notwithstanding that the automobile itself was returned to its rightful owner or his assignee." 43 ALR2d, p. 826 (1954). Construing the evidence most

favorably for Austrian Motors, we find that the instant case presents the latter "innocent trespasser" situation. Upon a careful consideration of the decisions reached in other jurisdictions on the question, we find the better reasoned rule and the rule which should be followed in this state to be that an innocent trespasser loses his title to personal property which has been attached to that rightfully belonging to another only to the extent that his property may not be readily detached and returned to him without injury to the whole. This is but another way of saying that the owner of personal property to which an innocent trespasser has attached his own personal property acquires title to the latter by accession only to the extent that such additions become "such an integral part" of the former and is "of such a nature" and "so attached to it" as to constitute "one and the same thing." *Passieu v. B. F. Goodrich Co.,* 58 Ga. App. 691, 692 (199 SE 775) (1938). See also *Mixon v. Ga. Bank & Trust Co.,* 154 Ga. App. 32 (267 SE2d 483) (1980); *Glenn v. Trust Co.,* 152 Ga. App. 314 (262 SE2d 590) (1979). We find such a rule preferable under the circumstances so as to avoid the imposition of an unfair loss upon the innocent trespasser and the consequent unjust enrichment to the true owner of the property to which the attachments are affixed. See generally Atlas Ins. Co. v. Gibbs, 183 A 690 (Conn. 1936).

Having enunciated the applicable rule under the circumstances, we turn to the application of that rule in view of the facts and procedural posture of the instant case. The burden was on Travelers to demonstrate that Austrian Motors' action for conversion was predicated upon a recovery for property which "was so affixed to the automobile as to constitute an accession." *Mixon v. Georgia Bank & Trust Co.,* 154 Ga. App. 32, 33, supra. To the extent that Austrian Motors seeks a recovery for the conversion of its property as represented by the labor expended in repairing the automobile, that burden has been met. "[O]ne cannot demand compensation for the voluntary additions which he has made to the value of another's property without the assent of the owner, in an action for the value of what he has thus bestowed . . . [I]f the property itself is recovered, the owner cannot be compelled to pay the trespasser for his labor, as the law neither divests him of his property nor requires him to pay for improvements made without his authority." 1 AmJur2d, p. 284. It is thus clear that, as against the true owner of a vehicle, the innocent trespasser's labor involved in the repair work, in effect, becomes "so affixed" thereto that no recovery can be sought or had. The innocent trespasser's sole remedy as against the true owner of the recovered stolen car is to contest, under appropriate procedures, the owner's acquisition of title by accession to whatever personal property of the trespasser may be affixed

thereto. Where, as here, the vehicle has been returned to its rightful owner and resold, Austrian Motors can recover, if at all, only for any conversion of its *personalty* that resulted thereby and has no right to recover against the owner for any of its labor.

As to the remaining viable portions of Austrian Motors' claim — allegations that Travelers did not acquire title by accession to Austrian Motors' personalty attached to the automobile and that such property was converted by Travelers — we find, with one exception, Travelers has failed to carry its burden of demonstrating that the parts and accessories belonging to Austrian Motors were "so affixed" to the vehicle as to be accessions as a matter of law. Suffice it to say that with the exception of the paint job, to which Travelers acquired title by accession, Fanderlik-Locke Co. v. United States, 285 F2d 939 (10th Cir. 1960), we find the evidence of record insufficient to support a determination that, as a matter of law, Austrian Motors lost title to its personal property to Travelers by conversion and that the claim for conversion of its property fails in its entirety because its property became accessions to the automobile and the property of Travelers. "[T]he mass production of the automobile has resulted in a standardization of equipment and accessories, making them readily removable and interchangeable, and most courts, recognizing the fact that automobile parts and accessories are generally standardized, uniform, and interchangeable, and may be detached without harm to the rest of the automobile or to the accessory itself, have held . . . , the various types of accessories commonly placed upon cars to be separate and distinct, and not accessions thereto." 1 AmJur2d, Accessions and Confusion, § 8, p. 278.

With the exception of the paint job, we find the evidence inconclusive with reference to the parts and equipment — other than the tires and wheels — which Austrian Motors placed or caused to be placed on the vehicle. We believe, however, that the evidence demonstrates, as a matter of law, that the tires and wheels were not accessions and thus remained the property of Austrian Motors. *Passieu v. B. F. Goodrich Co.,* 58 Ga. App. 691, supra; *Ivey's v. Southern Auto Stores,* 59 Ga. App. 336 (1 SE2d 35) (1939). "Tires are detachable accessories and, unless intention to the contrary is clearly shown, are not merged in the vehicle on which they are placed, and do not become a part of the motor vehicle by the law of accession." 1 AmJur2d, Accession and Confusion, § 8, p. 278. It follows that there remain genuine issues of material fact, to wit: what personal property of Austrian Motors, if any, other than the tires and wheels, was not lost by accession through attachment to the automobile and may have been converted when sold by Travelers. Cf. *Insilco Corp. v. Carter,* 245 Ga. 513 (265 SE2d 794) (1980).

We would note in conclusion that our holding in this case is not in conflict with the principle that an innocent trespasser "fares no better than the willful wrongdoer when the property itself is recovered by the owner from him, and is not entitled to recover the value of his labor or materials in a possessory action by the owner and may not reimburse himself by a separate action." 1 CJS, Accession, § 8, p. 423. All we hold here is that to the extent Travelers has recovered back its rightful property as evidenced by the automobile, including the labor and accessions affixed thereto, Austrian Motors may not recover and reimburse itself. However, to the extent that there may have been items of personal property of Austrian Motors on the recovered car which were not accessions — property the title to which was not lost by Austrian Motors to Travelers by the law of accession — Travelers had no right to unjustly enrich itself at the expense of the innocent trespasser. Assuming that non-accessions were present on the automobile when recovered and when sold we cannot say that, under the evidence before us, Austrian Motors would not be, as a matter of law, entitled to recover its value from Travelers. Cf. *McDaniel v. White,* 140 Ga. App. 118 (230 SE2d 500) (1976).

Thus we hold that while the trial court's judgment was correct insofar as it adjudicated that there was no basis for Austrian Motors' claim with regard to the labor and materials involved in the paint job, the trial court erred in granting summary judgment in favor of Travelers as to the other items of personalty claimed by Austrian Motors.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED
NOVEMBER 26, 1980.

*Anja Maria Smith,* for appellant.
*Rosemary Lawlor, J. Bruce Welch,* for appellee.