61235. TRUST COMPANY OF COLUMBUS v. COWART et al.

POPE, Judge.
Appellees filed this action seeking statutory damages and attorney fees against appellant Trust Company of Columbus (hereinafter "Bank") for alleged violations of the Truth-in-Lending provisions of the federal Consumer Credit Protection Act (hereinafter "TILA") and Federal Reserve Board Regulation Z. The Bank brings this appeal from the trial court's grant of appellees' motion for summary judgment.

1. On November 21, 1979 appellees borrowed $1000 from the Bank in return for which they executed a promissory note. The note incorporated in one document the terms of the contract, security agreement and evidence of the transaction with the disclosures required by TILA and Regulation Z. See 12 CFR § 226.801. In the upper left hand corner of the note — following certain details relating to interest, late charges and prepayment — the following information is set forth: "The term 'Collateral' as used herein shall mean the following property which has been or is hereby delivered, pledged, assigned, conveyed and transferred to the [Bank]:" followed by six blank lines. To the right of the foregoing is a box containing a breakdown of the various charges and the annual percentage rate.

These disclosure items are followed by seven paragraphs in small print, the first two of which set forth a security interest retained by the Bank in all of the borrowers' property except their residence and certain consumer goods. The next three paragraphs set forth various rights and remedies of the Bank vis-a-vis the collateral. After these three paragraphs the note conveys to the Bank a security interest in appellees' homestead and exemption. The seventh paragraph waives demand, presentment, notice of dishonor and protest by the Bank should the borrower default. This is followed by a block indicating the payment schedule below which space is provided for signatures. According to the Bank, this note is a revised version of the note which this Court found to have been violative of TILA and Regulation Z in *Glenn v. Trust Co. of Columbus,* 152 Ga. App. 314 (262 SE2d 590) (1979). Notwithstanding the revisions, appellees contend that the subject note violated Truth-in-Lending provisions (a) by failing to properly disclose the assignment of appellees' homestead and exemption and (b) by failing to properly disclose all security interests in after-acquired property.

(a) We start with the proposition that it is the duty of this Court to construe federal statutes in accordance with the construction given them by the federal courts. *Bugg v. Consolidated Grocery Co.,* 155 Ga. 550, 552 (118 SE 56) (1923). Further, since Congress delegated broad administrative lawmaking power to the Federal Reserve Board when it framed TILA, considerable respect is due an interpretation given the statute by the Board or by an " 'official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations . . .' § 3 (b), 90 Stat. 197, codified at 15 U. S. C. § 1640(f)." Ford Motor Credit Co. v. Milhollin, 444 U. S. 555, 567 (100 SC 790, 63 LE2d 22) (1980). The Federal Reserve Board has promulgated Regulation Z to implement TILA.

"Regulation Z, § 226.8 (b) (5) requires a description or identification of the type of *any* security interest to be retained by the creditor *in the disclosure statement* or a reference to a separate pledge agreement where a clear identification cannot properly be made in the disclosure statement. § 226.8 (a) states that *'(a)ll* of the disclosures *shall be made together* on either . . . (t)he note or other instrument evidencing the obligation on the same side of the page and above the place for the customer's signature; or . . . (o)ne side of a separate statement which identifies the transaction . . .' (Emphasis supplied.)" *Glenn v. Trust Co. of Columbus,* supra at 319. The Court of Appeals for the Fifth Circuit has held that a creditor's retention or acquisition of a borrower's Georgia homestead and exemption is a "security interest" which requires disclosure pursuant to Regulation Z. Elzea v. Nat. Bank of Ga., 570 F2d 1248 (5 Cir. 1978).

In *Glenn* the disclosure of the borrower's assignment of his homestead and exemption was located seven paragraphs below the paragraph which disclosed the Bank's other retained security interests. This Court held that such a "disclosure" failed to comply with the technical requirements of TILA since the disclosures "were not all made together." *Glenn* at 319. The Bank contends that this decision was erroneous.

Regulation Z directs that the "disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time and in the terminology prescribed in applicable sections." 12 CFR § 226.6 (a). "At the creditor's . . . option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer . . . or contradict, obscure, or detract attention from the information required by this part to be disclosed." 12 CFR § 226.6 (c).

An official staff interpretation of Regulation Z was issued in accordance with 12 CFR § 226.1 (d) which gave an interpretation regarding the requirement in § 226.6 (a) that the disclosures be made "clearly, conspicuously, [and] in meaningful sequence." The staff determined that "§ 226.6 (a) requires related terms to be presented in an order which will assist the customer in understanding their relationship to each other. Given the wide variety and varying complexity of terms and conditions which can be encountered in consumer [credit transactions], the meaning of 'clearly,' 'conspicuously,' and 'meaningful sequence' must be determined by reference to the particular set of disclosures under consideration." 12 CFR Part 226 Appendix [FC-0084] at 668 (42 FR 35147, July 8, 1977); 12 CFR Part 226 Appendix [FC-0054] at 644 (42 FR 18056, April 5, 1977). Thus, the Fifth Circuit has determined that an assignment or waiver of a homestead and exemption "was adequately disclosed albeit in that part of the form captioned 'default.' This was not the best place to describe the creditor's security but it sufficed." Lamar v. American Finance System of Fulton County, Inc., 577 F2d 953, 954 (5 Cir. 1978). Therefore, to the extent that our holding in Division 2 of *Glenn* implies that all disclosures required by Regulation Z must be adjacent to one another, it will not be followed. But see Allen v. Beneficial Finance Co. of Gary, Inc., 531 F2d 797 (4) (7 Cir. 1976) to the effect that "meaningful sequence" under Regulation Z requires groupings of logically related terms and requires that terms in these groupings be arranged in a logically sequential order emphasizing the most important terms.

The Bank asserts that it placed the assignment of the homestead

and exemption in a separate paragraph from that dealing with collateral since it is not collateral. Rather, the assignment is located after contractual provisions dealing with acceleration of the debt and default. The Bank argues that since the assignment of the homestead and exemption is only applicable if the borrower were to go into bankruptcy, it is logical that it follow the default provisions. Assuming arguendo that the Bank's assertions as to the placement of the assignment is in a meaningful sequence, such a "disclosure" under the circumstances in this case is nonetheless neither clear nor conspicuous.

As in *Glenn,* the Bank's "disclosure" of the borrowers' assignment of their Georgia homestead and exemption was in a nondescript paragraph located several paragraphs down the page and apart from all other disclosures required to be made pursuant to Regulation Z. Nothing was done to identify the assignment or to distinguish it from contractual terms not requiring disclosure. Rather, the assignment was obscured in a sea of small print, the Bank providing no sextant by which the assignment might be directed to the borrowers' attention. See Code Ann. § 109A-1—201 (10). Compare Elzea v. Nat. Bank of Ga., supra, where disclosure of the assignment was made in the bank's disclosure statement, and Lamar v. American Finance System of Fulton County, Inc., supra, where disclosure was made in a section of the note clearly labeled "default."

We view the Bank's treatment of the homestead and exemption in this case as violative of TILA and Regulation Z. See Williams v. Blazer Financial Services, Inc., 598 F2d 1371 (5 Cir. 1979). "The statutory purpose of the Act is to 'assure a meaningful disclosure of credit terms . . .' 15 USCA § 1601 (a). Therefore, '(a) creditor should evaluate its credit terms so as to come within the spirit of the law as well as its letter. Otherwise, as here, the creditor may find [itself] outside of both.' " *Glenn* at 319.

(b) In *Glenn* this court determined that certain disclosures ran afoul of TILA and Regulation Z by failing to explain to the borrower that the 10-day limitation of Code Ann. § 109A-9—204 (2) applied to the security interest retained by the Bank in after-acquired consumer goods other than accessions. As is pertinent to the case sub judice, the Bank retained as collateral for the loan "all . . . property of every kind and description . . . now or hereafter in possession or control of [the borrowers] for any reason . . . (except, unless otherwise specifically provided: consumer goods, other than accessories, not heretofore acquired by the [borrowers] . . .)." We construe this language as having given the Bank a security interest in any consumer goods that could have been defined as "accessories," including those acquired anytime after the loan had been made.

"Regulation Z . . . (12 CFR § 226.8 (b) (5)) requires that notice that after-acquired property is subject to a security interest 'be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.' However, as pointed out by the Fifth Circuit Court of Appeals, the Uniform Commercial Code as adopted in Georgia (Code Ann. § 109A-9—204) governs the determination whether after-acquired property is subject to a lender's security interest. Pollock v. General Finance Corp., 535 F2d 295, 299 (5th Cir. 1976) . . . [U]nder . . . the present . . . [section], '(n)o security interest attaches under an after-acquired property clause to consumer goods *other than accessions* (section 109A-9—314) when given as additional security unless the debtor acquires rights in them within 10 days after the secured party gives value.' Code Ann. § 109A-9—204 (2). (Emphasis supplied.)" *Glenn* at 314-315.

"Accessions" are defined as goods which are installed in or affixed to other goods. Code Ann. § 109A-9—314(1). "Under *Passieu v. B. F. Goodrich Co.,* [58 Ga. App. 691, 692 (199 SE 775) (1938)], the lesser chattel must 'form such an integral part' of the greater chattel and must be 'so attached to it' as to constitute 'one and the same thing.' " *Mixon v. Ga. Bank & Trust Co.,* 154 Ga. App. 32, 33 (267 SE2d 483) (1980). On the other hand, an "accessory" is defined as "[a]nything which is joined to another thing as an ornament, or to render it more perfect, or which accompanies it, or is connected with it, as an incident, or as subordinate to it, or which belongs to or with it . . . Adjunct or accompaniment." Black's Law Dictionary (4th Ed. 1968). Although the distinction between an "accession" and an "accessory" may be slight, to hold that these terms are synonymous would be contrary to established precedent which has distinguished them. See, e.g., *Austrian Motors v. Travelers Ins. Co.,* 156 Ga. App. 618 (275 SE2d 702) (1980); *Ivey's v. Southern Auto Stores,* 59 Ga. App. 336 (1 SE2d 35) (1939).

"While arguably an ["accessory"] may be sufficiently affixed to the described secured property to be considered an 'accession' as defined by the UCC, if the [Bank] had intended to limit its security interest to accessions, it could have used this exact term. And the clause must be construed most strictly against the drafter since '(t)he Truth in Lending Act reflects a transition in congressional policy from a philosophy of let the buyer beware to one of let the seller disclose. By erecting a barrier between the seller and the prospective purchaser in the form of hard facts, Congress expressly sought "to . . . avoid the uninformed use of credit." 15 USC § 1601 (15 USCA § 1601).' Mourning v. Family Publications Service, 411 U. S. 356, 377 (93 SC 1652, 36 LE2d 318) (1973). We, therefore, conclude that the

[Bank] failed to fully disclose the nature of the security interest retained in after-acquired property other than accessions by not explaining the 10-day limitation of Code Ann. § 109A-9—204(2), thereby violating § 226.8 (b) (5) of Regulation Z . . . " *Glenn,* at 317-318. Walker v. Atlantic Nat. Bank of Seminole, 489 FSupp. 243 (M.D. Fla. 1980), cited by the Bank, is factually distinguishable from this case since the security agreement in that case did not purport to claim a lien on *all* of the borrower's after-acquired property.

2. The Bank finally contends that summary judgment was improper since it had established an unrebutted defense under 15 USCA § 1640 (f) which provides: "No provision of this section [TILA] . . . imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by any official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." In support of its position, the Bank submitted the affidavit of the attorney who revised the subject note. The attorney stated that he reviewed and relied on numerous federal court and Georgia appellate court decisions, Regulation Z, interpretations of Regulation Z issued by the Federal Reserve Board, and unofficial opinion letters issued by the staff of the Federal Reserve Board.[1]

The material relied upon by the Bank is discussed in Division 1 of this opinion. "Congress confined the good faith compliance defense to those creditors who acted or failed to act in good faith reliance upon 'any rule, regulation or interpretation' formally adopted by the Federal Reserve Board, which thereafter was rescinded by the Board or invalidated judicially . . . Section 1640 (f) creates no good faith defense based on the creditor's honest and reasonable, but mistaken interpretation of Regulation Z." Kessler v. Associates Financial Services Co. 573 F2d 577, 578-579 (9 Cir. 1977); see McGowan v. King, Inc., 569 F2d 845 (7) (5 Cir. 1978).

---

[1] Such letters written by staff members of the Federal Reserve Board (published in CCH Cons. Cred. Guide) are not rules, regulations or interpretations within the meaning of § 1640 (f). Jones v. Community Loan & Investment Corp. of Fulton County, 544 F2d 1228 (4) (5 Cir. 1976), reh. den. 545 F2d 1298, cert. den. 431 U. S. 934 (1976); Ector v. Southern Discount Co. 499 FSupp. 284 (2) (N.D. Ga. 1980). See Ford Motor Credit Co. v. Milhollin, supra at 567 n. 10.

3. For all the reasons set forth in Divisions 1 and 2 of this opinion, we hold that the trial court did not err in concluding as a matter of law that the Bank had violated the federal Consumer Credit Protection Act. See *Good Housekeeping Shop v. Hines*, 146 Ga. App. 713 (2) (247 SE2d 142) (1978). Accordingly, we affirm and remand for determination of appellees' rights to additional attorney fees incurred through the prosecution of this appeal, in accordance with 15 USCA § 1640 (a) (3). Thomas v. Myers-Dickson Furniture Co., 479 F2d 740, 748 (5 Cir. 1973).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MAY 6, 1981 —

*Kenneth M. Henson, Jr., Kenneth M. Henson,* for appellant. *James A. Elkins, Jr.,* for appellees.