37690. TRUST COMPANY OF COLUMBUS v. COWART et al.

CLARKE, Justice.

This appeal involves two issues relating to the Truth in Lending Act, 15 USCA § 1601 et seq. (hereinafter TILA) and Federal Reserve Board Regulation Z promulgated pursuant thereto. The first issue is whether placement of disclosure of the assignment of borrower's homestead and exemption in the default section of the security agreement violates TILA. The second issue is whether TILA is violated by the creditor's failure to disclose that under Ga. Code Ann. § 109A-9—204 the creditor's security interest in after-acquired consumer goods is limited to those acquired within ten days after the secured party gives value. The Court of Appeals in *Trust Co. of Columbus v. Cowart,* 158 Ga. App. 488 (280 SE2d 886) (1981), found violations in both respects, and the creditor appeals.

1. The waiver or assignment to a creditor of the homestead and exemption provided by Georgia law has been found to be a security interest which must be disclosed under Regulation Z, 12 C.F.R. § 226.8 (b)(5). Elzea v. National Bank of Georgia, 570 F2d 1248 (5th Cir. 1978). This is because the assignment is ". . . an interest in property which secures payment of an obligation." Id. at 1249.

In Lamar v. American Finance System of Fulton County, Inc.,

577 F2d 953, 954 (5th Cir. 1978), the court specifically found that a waiver of the homestead and exemption was ". . . adequately disclosed albeit in that part of the form captioned 'default.'" Noting that the default section was not the best place to disclose the creditor's security interest, the court nevertheless found the disclosure sufficient. Id. Borrowers insist that even though the placement did not violate TILA's mandate that credit terms be placed in a meaningful sequence, the disclosure of the assignment was not a "meaningful disclosure of credit terms" as required by TILA. Creditor insists that a violation exists because there was no caption and because the assignment was spatially removed from other required disclosures.

The Court of Appeals distinguished Elzea v. National Bank of Georgia, supra, and Lamar v. American Finance System of Fulton County, Inc., supra, on the basis that in Elzea the disclosure of the assignment was made in the bank's disclosure statement and in Lamar the disclosure was made in a section clearly labeled "default." We find that Lamar is not distinguishable but is, rather, on point with the facts here. The court's approval of the disclosure in Lamar did not turn on the fact that the portion of the form in which it occurred was labeled "default." Rather, the court found the disclosure adequate *despite* the fact that it was located in the portion of the form captioned "default." Similarly, in the case at hand, the disclosure, while perhaps not perfectly located on the creditor's form, is adequate to give notice to the borrowers of the assignment of the homestead and exemption.

2. The second issue before us is whether the creditor violated TILA by failing to disclose to the borrowers that its security interest in after-acquired consumer goods other than accessions is limited by Ga. Code Ann. § 109A-9—204 to those in which the secured party acquired rights within ten days after the creditor gives value. The Court of Appeals found a violation of TILA, and we reverse.

There is no collateral specifically described in the security instrument under consideration here. However, immediately following the blank space intended for description of collateral, there appears the following language: "Together with all other property of every kind and description including accounts, monies and deposits now or hereafter in possession or control of Holder for any reason, and all distributions, rights, proceeds, substitutions and accessions connected with any of the collateral (except, unless otherwise specifically provided: consumer goods, other than accessories, not heretofore acquired by undersigned; and real property which is used or expected to be used as principal residence of the undersigned). Undersigned hereby warrants that sole and lawful ownership of

Collateral is in the undersigned with full power and authority to transfer, convey and encumber."

The borrowers contend that this provision amounts to an attempt to take a security interest in after-acquired consumer goods. It is also contended that there is no adequate disclosure that under Georgia law no security interest may be taken in consumer goods acquired more than ten days after the date the secured party gives value except in the instance of accessions. Borrower argues that this causes the instrument to be in violation of the Truth in Lending Act. After applying the law to the security instrument as used in this case, we cannot agree.

It is true that Georgia law limits the taking of a security interest in after-acquired consumer goods to accessions and those consumer goods acquired within ten days after the creditor gives value. Ga. Code Ann. § 109A-9—204 (2). However, a careful study of the instrument here reveals that no collateral was specifically described in the space allowed for description. The first part of the paragraph following that space, quoted above, is a conjunctive statement beginning with the phrase "together with." This is a clear indication that the security interest referred to is intended to be joined with collateral which might have been, but was not, specifically described. The paragraph continues by referring to certain assets either presently or in the future possessed or controlled by the holder. Following this, there is reference to assets which might be related to the collateral, including accessions. The paragraph then contains a parenthetical exception as to consumer goods other than accessories which were not acquired before the date of the instrument.

The clear import of the collateral section of this instrument is that the lender would have a security interest in such property as was specifically described. The lender would also have a security interest in certain properties which might be in its possession or control for any reason. In addition to this, the lender would have a security interest in certain assets or rights connected with the collateral it might have acquired by either of the two methods referred to above. Since there was nothing listed in the space provided for a description for collateral, and since the record does not show any property to be in the possession or control of the holder, the "connected with" assets or rights are not involved in this case. This being true, there can be no violation of TILA for failure to disclose Georgia law regarding a security interest not taken.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 6, 1982.

*Kenneth M. Henson, Jr.,* for appellant.
*James A. Elkins, Jr.,* for appellees.