In the Matter of Lee D.
FIELDS, Debtor.

George W. LEDFORD, Chapter 13,
Trustee, Plaintiff,

v.

Shillito RIKES, Defendant.

Bankruptcy No. 3–84–02255.
Adv. No. 3–85–0005.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 26, 1985.

George W. Ledford, Englewood, Ohio, Trustee.

Forest S. Heis, Cincinnati, Ohio, for defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(K), in which the plaintiff-Chapter 13 Trustee disputes the validity, extent and priority of a lien.

Plaintiff-trustee's complaint against defendant-creditor, Shillito Rikes, alleges that under 11 U.S.C. § 544, OH.REV.CODE ANN. § 1309.20 [U.C.C. § 9–301] and § 1309.31 [U.C.C. § 9–312] (Page 1979), he is a lien creditor with a priority interest which empowers him to avoid the purchase money security interest claimed by Shillito Rikes in the consumer goods it sold to the debtor, Lee D. Fields. Both parties have moved for summary judgment pursuant to Bankr.R. 7056 and Fed.R.Civ.P. 56 on the

grounds that the pleadings demonstrated no genuine issue as to any material fact, and that each side is entitled to judgment as a matter of law.

The following material facts are not in dispute:

1. On July 12, 1984, Lee D. Fields purchased from the defendant tires, to be used primarily for personal, family or household purposes, and signed a security agreement covering the purchase price of $344.48, plus finance charges, thus granting to the defendant a purchase money security interest in consumer goods under OH.REV.CODE ANN. § 1309.05 [U.C.C. § 9–107] and § 1309.07 [U.C.C. § 9–109].

2. Defendant has never filed a financing statement covering this transaction.

3. On October 16, 1984, Lee D. Fields filed a petition in bankruptcy under the provisions of Chapter 13 of the Bankruptcy Code.

In his motion for summary judgment, the plaintiff argues he has a priority interest in the tires on two grounds:

(1) that as trustee he is a lien creditor under 11 U.S.C. § 544 and allowed to avoid a purchase money security interest in consumer goods when a financing statement has not been filed; and

(2) that as trustee he is a lien creditor under 11 U.S.C. § 544 which enpowers him to use OH.REV.CODE ANN. § 1309.-33(C)(2) [U.C.C. § 9–314] (Page 1979) to avoid a lien in an accession.[1]

1. OH.REV.CODE ANN. § 1309.33 (Page 1979) provides:

(A) A security interest in goods which attaches before they are installed in or affixed to other goods takes priority as to the goods installed or affixed over the claims of all persons to the whole except as stated in division (C) of this section and subject to division (A) of section 1309.34 of the Revised Code.

(B) A security interest which attaches to goods after they become part of a whole is valid against all persons subsequently acquiring interests in the whole except as stated in division (C) of this section but is invalid against any person with an interest in the whole at the time the security interest attaches to the goods who has not in writing consented to the security interest or dis-

claimed an interest in the goods as part of the whole.

(C) The security interests described in divisions (A) and (B) of this section do not take priority over:

(1) a subsequent purchaser for value of any interest in the whole; or

(2) a creditor with a lien on the whole subsequently obtained by judicial proceedings; or

(3) a creditor with a prior perfected security interest in the whole to the extent that he makes subsequent advances; if the subsequent purchase is made, the lien by judicial proceedings obtained, or the subsequent advance under the prior perfected security interest is made of contracted for without knowledge of the security interest and before it is

As to the first claim, this court (See page 153) held that under OH.REV. CODE ANN. § 1309.26(C) [U.C.C. § 9–307(2)] (Page Supp.1984), the only person who can avoid the automatically perfected purchase money security interest of a creditor in consumer goods is a buyer in the ordinary course of business, and since the trustee is not authorized by 11 U.S.C. § 544 to succeed to the interest of a buyer of *personalty* in the ordinary course of business, he is unable to avoid a purchase money security interest in consumer goods. *See also In re Ten Brock*, 4 U.C.C.REP. SERV. 712 (CALLAGHAN) (Bankr.W.D. Mi.1966); *In re Lucacos*, 1 U.C.C.REP. SERV. 533 (CALLAGHAN) (Bankr.E.D.Pa. 1957); *In re Kretzer*, 1 U.C.C.REP.SERV. 369 (CALLAGHAN) (Bankr.E.D.Pa.1955).

The plaintiff's second claim requires the court to determine whether the tires should be classified as ordinary consumer goods under OH.REV.CODE ANN. § 1309.07(A) [U.C.C. § 9–109(1)] (Page 1979) or as an accession to a motor vehicle under OH. REV.CODE § 1309.33(A) [U.C.C. § 9–314(1)]. The necessity for categorizing the tires arises because OH.REV.CODE ANN. § 1309.21(C)(2) [U.C.C. § 9–302(3)(b)] (Page Supp.1984) excludes security interests in motor vehicles from the requirements of the Ohio Uniform Commercial Code rules of perfection regardless of whether they are purchase money security interests and regardless of whether they are consumer goods and requires instead that the perfection of security interests in motor vehicles be governed by OH.REV. CODE ANN. § 4505.13 (Page Supp.1984)— The Certificate of Motor Vehicle Title Law.[2] *See* Official Comment 3, OH.REV.

perfected. A purchaser of the whole at a foreclosure sale other than the holder of a perfected security interest purchasing at his own foreclosure sale is a subsequent purchaser within this section.

(D) When under division (A) or (B) and (C) of this section, a secured party has an interest in accessions which has priority over the claims of all persons who have interest in the whole, he may on default subject to the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code, remove his collateral from the whole but he must reimburse any encumbrancer or owner of the whole who is not the debtor and who has not otherwise agreed to for the cost of repair of any physical injury but not for any diminution in value of the whole caused by the absence of the goods removed or by any necessity for replacing them. A person entitled to reimbursement may refuse permission to remove until the secured party gives adequate security for the performance of this obligation.

2. OH.REV.CODE ANN. § 4505.13 (Page Supp. 1984) provides:

(A)(1) Sections 1309.01 to 1309.50 and section 1701.66 of the Revised Code, do not permit or require the deposit, filing, or other record of a security interest covering a motor vehicle, except as provided in division (A)(2) of this section.

(2) Sections 1309.01 to 1309.50 of the Revised Code apply to a security interest in a motor vehicle held as inventory, as defined in division (D) of section 1309.07 of the Revised Code, for sale by a dealer, as defined in division (J) of section 4517.01 of the Revised Code. The security interest has priority over creditors of the dealer as provided in sections 1309.01 to 1309.50 of the Revised Code without notation of the security interest on a certificate of title or without the retention of a manufacturer's or importer's certificate.

(B) Subject to division (A) of this section, any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants. All security interests, liens, mortgages, and encumbrances noted upon a certificate of title take priority according to the order of time in which they are noted on the certificate by the clerk. Exposure for sale of any motor vehicle by its owner, with the knowledge or with the knowledge and consent of the holder of any security interest, lien, mortgage, or encumbrance on it, does not render such security interest, lien, mortgage, or encumbrance ineffective as against the creditors of such owner, or against holders of subsequent security interests, liens, mortgages, or encumbrances upon such motor vehicle.

The secured party, upon presentation of the security agreement to the clerk of the county in which the certificate of title was issued, together with such certificate of title and the fee prescribed by section 4505.09 of the Revised Code, may have a notation of the security interest made on the face of such certificate of title. The clerk shall enter such notation and the date of it over his signature and seal of office, and he shall also note the security

CODE ANN. § 1309.26 [U.C.C. § 9–307] (Page 1979); *see also Commonwealth Loan Co. v. Berry*, 2 Ohio St.2d. 169, 207 N.E.2d 545 (1965) (holding specific priority of liens under Certificate of Motor Vehicle Title Law as valid against general provisions in Uniform Commercial Code relating to artisan's liens). The Ohio Certificate of Motor Vehicle Title Law stipulates that for security interests to be perfected they must be notated on the certificate of title by the clerk of the court of common pleas of the county in which the owner of the vehicle resided at the time the application for the certificate was made. *See* 1940 Op.Att'y Gen. No. 1867; *see generally* 7 OH.JUR.3D *Automobiles and Vehicles* §§ 58, 59 (1978).

■ The question before this court is whether the tires in this case are of such character as to lose their status as automatically perfected consumer goods and instead be treated as an accession to a motor vehicle requiring that any security interest in them be perfected by notation on the certificate of title. If they are accessions, and if a security interest in them was not perfected, the trustee could be considered "a creditor with a lien on the whole subsequently obtained by judicial proceedings" under § 1309.33(C)(2) and would have a priority interest over the defendant. *General Motors Acceptance Corp. v. Lyford,* (*In re Lyford* ), 22 B.R. 222 (Bankr.D.Me. 1982); *In re Williams*, 12 U.C.C.REP. SERV. 990 (CALLAGHAN) (Bankr.E.D. Wis.1973). On the other hand, if the tires are not deemed accessions, it would appear that they would not be subject to the Ohio Certificate of Title Law, but to the Ohio Uniform Commercial Code (hereinafter U.C.C.). *See Mills-Morris Automotive v.*

*Baskin,* 8 U.C.C.REP.SERV. 732 (CALLAGHAN) (Tenn.Sp.Ct.1971) (interpreting similar statutes in Tenn.) and *IDS Leasing Corp. v. Leasing Associates, Inc.,* 590 S.W.2d 607 (Tex.Civ.App.1979) (holding the effect of finding refrigeration units not to be accessions to a motor vehicle subject to Certificate of Title Act, is that the U.C.C. must be complied with and control). If the U.C.C. controls, then the tires would be subject to an automatically perfected security interest in consumer goods which the trustee could not attach.

A frequently quoted passage on the issue of how one is to determine whether tires are an accession comes from *Passieu v. B.F. Goodrich Co.,* 58 Ga.App. 691, 199 S.E. 775 (1938), involving an action in trover:

The only premise, therefore, upon which the plaintiff in error can base his claim is that the tires and tubes form such an integral part of the truck, and are of such a nature and are so attached to it, that the truck and the tires and tubes are one and the same thing under the accession rule.

*Id.* at 692, 199 S.E. 776.

While affirming *Passieu,* the Georgia Court of Appeals has held it was error for the trial court to grant a summary judgment on the ground that a CB radio was an accession as a matter of law: "the Code does not indicate the degree to which one chattel must be affixed to another in order to constitute an accession," *Passieu* therefore constituting a guide, not a literal standard. *Mixon v. Georgia Bank and Trust Co.,* 154 Ga.App. 32, 33, 267 S.E.2d 483, 484 (1980). *See also Glenn v. Trust Company of Columbus,* 152 Ga.App. 314, 262 S.E.2d 590 (1979) (holding tires not an accession as

interest and the date thereof on the duplicate of the certificate in his files and on that day shall notify the registrar of motor vehicles, who shall do likewise. The clerk shall also indicate by appropriate notation on such agreement itself the fact that the security interest has been noted on the certificate of title.

When the security interest is discharged, the holder of it shall note its discharge on the face of the certificate of title over his signature.

Prior to delivering such certificate to the owner, the holder shall present it to the clerk for the purpose of having the clerk note the cancellation of the security interest on the face of the certificate of title and upon the records of the clerk. The clerk, if such cancellation appears to be genuine, shall note such cancellation on the certificate of title, and he shall also note the cancellation of his records and notify the registrar, who shall note such cancellation.

a matter of law). Likewise, whether a security interest in awnings attached to a mobile home could be considered an accession was held to be a question of fact in *State of New Mexico v. Woodward,* 100 N.M. 708, 675 P.2d 1007 (1983).

In considering a motion for summary judgment, the moving party "has the burden of proving *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979) (emphasis in original), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). With this standard in mind, we cannot say conclusively that there is no genuine issue of material fact remaining. One of the plaintiff's arguments is that the tires constitute accessions. Neither party, however, has devoted sufficient attention to the facts of the case to present a proper motion for summary judgment. There are no stipulations, admissions, affidavits, etc. to allow the court to know whether the items in controversy (automobile tires) are or ever were placed on the debtor's automobile or what if anything, the automobile title discloses concerning them. The law is clear. Since an issue of material fact remains, summary judgment is hereby DENIED to plaintiff and defendant.

## APPENDIX

In the Matter of DAVID POUNDS, *DEBTOR*

GEORGE W. LEDFORD, CHAPTER 13 TRUSTEE, *PLAINTIFF*

VS.

EASY LIVING, INC., *DEFENDANT*

Bankruptcy No. 3–84–01156.

Adv. No. 3–84–0343.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DATED AT DAYTON, OHIO this 5th day of December, 1985.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(K), in which the plaintiff-Chapter 13 Trustee disputes the validity, extent and priority of a lien.

Plaintiff-trustee's complaint against defendant-creditor, Easy Living, Inc. (hereinafter Easy Living), alleges that under 11 U.S.C. § 544 and OH.REV.CODE ANN. § 1309.20 [U.C.C. § 9–301] and § 1309.31 [U.C.C. § 9–312] (Page 1979), he is a lien creditor with a priority interest which empowers him to avoid the purchase money security interest claimed by Easy Living in the consumer goods it sold to the debtor. Both parties have moved for summary judgment pursuant to Bankr.R. 7056 on the grounds that the pleadings demonstrated no genuine issue as to any material fact and that each side is entitled to judgment as a matter of law.

The following material facts are not disputed:

1. On April 15, 1984, David Pounds purchased a color television set from defendant, to be used primarily for personal, family or household purposes, and signed a security agreement covering the purchase price plus finance charges, thus granting to the defendant a purchase money security interest in consumer goods under OH.REV.CODE ANN. § 1309.05 [U.C.C. § 9–107] and § 1309.07 [U.C.C. § 9–109] (Page 1979).

2. Defendant has never filed a financing statement covering this transaction.

3. On May 31, 1984, David Pounds filed a petition in bankruptcy under the provisions of Chapter 13 of the Bankruptcy Code.

We find no dispute as to the material facts. The issue at law is whether the trustee can avoid under 11 U.S.C. § 544 a purchase money security interest in consumer goods when a financing statement has not been filed. We hold he cannot.

The issues of law presented by this case are identical to those decided by Judge

William A. Clark in *Ledford v. Easy Living Furniture (In re Jackson )*, 52 B.R. 706 (Bankr.S.D.Oh.1985). That opinion held that under OH.REV.CODE § 1309.26(C) [U.C.C. § 9–307(2) ] (Page Supp.1984) the only person who can avoid the automatically perfected purchase money security interest of a creditor in consumer goods is a buyer in the ordinary course of business, and since the trustee is not authorized by 11 U.S.C. § 544 to succeed to the interest of a buyer of *personalty* in the ordinary course of business, he is unable to avoid a purchase money security interest in consumer goods. We find that decision controlling and hereby incorporate its rationale into the present order. *See also In re Ten Brock,* 4 U.C.C.REP.SERV. 712 (CALLAGHAN) (Bankr.W.D.Mi.1966); *In re Lucacos,* 1 U.C.C.REP.SERV. 553 (CALLAGHAN) (Bankr.E.D.Pa.1957); *In re Kretzer,* 1 U.C.C.REP.SERV. 369 (CALLAGHAN) (Bankr.E.D.Pa.1955).

IT IS THEREFORE ORDERED THAT plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is SUSTAINED.

THOMAS F. WALDRON
United States Bankruptcy Judge