23952. PRAY v. PRAY.

ARGUED FEBRUARY 15, 1967—DECIDED MARCH 14, 1967.

*Long & Glean, Nick Long,* for appellant.

*Millicent Cantrell, Bettye Hynson Kehrer,* for appellee.

GRICE, Justice. This appeal is from a judgment of divorce which also ordered the appellant to pay alimony. It stems from a petition filed by Paul Frederick Pray, Sr., against Lucille Rudd Pray, in the Superior Court of Fulton County. To that petition the wife interposed an answer denying the material allegations, and praying that the plaintiff be refused a divorce and that she have "such other and further relief as the court deems proper in the premises."

The trial was before the judge without a jury. The record shows that the following transpired. Upon completion of evidence on the issue of divorce the trial judge indicated that he was inclined to grant the divorce. Thereupon, the wife requested that he consider a claim for alimony. The husband objected upon the ground that this was a divorce case only, that the question of alimony was not an issue in the case and that he was not prepared to defend a claim for alimony. Counsel for the wife then urged that alimony be granted under the prayer in her answer, above quoted. The judge then heard testimony as to the financial conditions of the parties. He subsequently entered judgment which included not only a divorce between the parties but also alimony for the wife.

There is no showing in the record of any amendment to the wife's answer so as to include a prayer relating to alimony. As above stated, the record shows that she sought alimony under her prayer for general relief, quoted above.

Under these circumstances the wife waived whatever right she may have had to alimony. It is well established that relief cannot be granted for matter not alleged or prayed for. See *Code* § 110-101; *Barbee v. Barbee,* 201 Ga. 763 (41 SE2d 126).

Accordingly, the decree in the case at bar, insofar as it sought to award alimony, was void.

*Judgment reversed in part; affirmed in part. All the Justices concur. Mobley and Nichols, JJ., concur specially.*