### 27002. LAMBERT v. GILMER.

ARGUED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

*Howe & Howe, Donald B. Howe, Jr.,* for appellant.

*Murphy & Murphy, Thomas B. Murphy,* for appellee.

MOBLEY, Presiding Justice. Bobbie Lambert (formerly Bobbie Lambert Gilmer) brought a petition for citation for contempt against her former husband, Charles Gilmer, alleging that he had failed to pay her the sum of $9,400 permanent alimony.

The former husband made a motion to dismiss the citation on the ground that the judgment of December 3, 1969, awarding alimony, is void because the petition for divorce did not demand alimony and he had no notice of her intention to demand alimony.

The decree granting divorce and alimony recites that no defense was filed and no jury trial demanded. The husband was personally served with the divorce petition.

The motion to dismiss was sustained and the appeal is from that judgment.

The motion to dismiss the contempt citation made a collateral attack on the alimony judgment, which can only be sustained if the judgment is absolutely void. *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240).

Cases decided prior to the effective date of the Civil Prac-

tice Act are not determinative of the issue here, since the rules as to the grant of relief where no demand has been made have been changed. The pertinent sections of the Civil Practice Act are as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." *Code Ann.* § 81A-115 (b) (Ga. L. 1966, pp. 609, 627; Ga. L. 1968, pp. 1104, 1106). "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." *Code Ann.* § 81A-154 (c) (Ga. L. 1966, pp. 609, 658).

*Code Ann.* § 81A-115 would not be applicable in the present case, since the husband had no notice that the issue of alimony would be tried and gave no express or implied consent that the issue of alimony be tried. *Code Ann.* § 81A-154 (c) provides specifically that the court shall not give the successful party relief where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief. The wife's right to alimony was not "litigated" where the husband had no notice by her pleading that she would claim alimony, and he did not defend the action.

*Code Ann.* § 81A-105 (Ga. L. 1966, pp. 609, 615; Ga. L. 1967, pp. 226, 229) provides that pleadings asserting new or additional claims for relief must be served on the opposite

party, even though the party has filed no pleadings. It is the spirit of this section that where a claim is undefended, written notice must be served on the party before an additional claim can be demanded.

The wife relies on *Code* § 110-705, which provides: "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form."

A divorce petition which gives no indication by its pleadings that the wife is seeking an alimony judgment could not be amended by the introduction of evidence where the husband has filed no pleadings and does not litigate the issues at the trial.

The alimony judgment in the present case was void, and the trial judge did not err in sustaining the husband's motion to dismiss the wife's citation for contempt for failure to pay the alimony judgment.

*Judgment affirmed. All the Justices concur.*