### 27163. COLLINS v. COLLINS.

JORDAN, Justice. The defendant in this divorce and alimony action appeals the final judgment, asserting error on the overruling of his motion for a new trial. *Held:*

1. The contention of the defendant that the trial judge erred in refusing to charge *Code* § 30-110 to the effect that the confession of a party as to acts of adultery or cruel treatment shall be received with great caution is without merit. He has at no time in the court below or here referred to any testimony which would authorize the giving of this instruction. The plaintiff sought divorce on the ground of cruel treatment, and her testimony alone in this respect is sufficient to support the verdict and judgment for divorce, quite aside from any confessions of the defendant to any acts of cruel treatment, although to the extent that he admitted acts which could be regarded as cruel treatment, there is corroboration.

2. The remaining contentions of the defendant merely cover the general grounds of his motion for a new trial, or are elaborations thereof relating to the legal sufficiency of the evidence. We have carefully reviewed the record and conclude that the verdict and judgment is not excessive as a matter of law. While the monetary award to the

plaintiff approximates the total "take home salary" of the defendant at the time of trial, there is ample evidence to support the conclusion that his total income is and will be as much as or more than double this amount, primarily in the form of accrued and potential profits from the corporation, of which he is president and owner of a 25% interest.

There is also no merit in the contention that the verdict is contrary to law in that there is no evidence as to the description of the property in paragraph 3 of the judgment, which refers to the house awarded the plaintiff by the verdict. The evidence leaves no doubt that the house was the only house owned by the defendant and occupied by the plaintiff, and under the verdict the jury awarded the plaintiff this house.

The decree follows the verdict in requiring the defendant to make all payments to discharge the lien against the house, without reservation that payments as due should cease in the event of death or remarriage. The verdict in this respect is unequivocally clear.

That the jury awarded the plaintiff "the car" the legal title to which is in the corporation of which he is an officer, and that the decree requires the defendant to convey to the plaintiff a station wagon, which, under the evidence is shown to have been "the car" provided by the corporation for the personal use of the parties, and which the plaintiff had in her possession and was using at the time of trial, does not render the verdict and decree illegal. The intent is clear, and this court will not indulge in the presumption that it is legally impossible for the defendant to meet the terms of the decree in this respect.

*Judgment affirmed. All the Justices concur.*
ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972.

*Paul W. Calhoun, Jr.,* for appellant.
*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellee.