## 30003. THOMAS v. DAVIS.

GUNTER, Justice.

This is an interlocutory appeal with a certificate of review. Appellee filed an action for contempt of an alimony judgment against appellant, her former husband. Appellant moved to dismiss on the ground that the award of alimony was void. The trial court denied the motion. This appeal followed.

Appellant has enumerated one error: "The court erred in overruling appellant's collateral attack on the final judgment and decree entered on the 18th day of November, 1970, in that an award of alimony ordered by the court was void and contrary to the Laws of Georgia because no issue of alimony was raised nor was a prayer for alimony made in the original complaint."

On October 10, 1968, appellee filed her complaint for divorce against appellant. The complaint prayed only that she be awarded a total divorce, that she be awarded a house trailer, and that her maiden name be restored. Appellee filed no amendments. Appellant, who was in the Army, filed only an acknowledgement of service. Judgment of divorce was entered granting all appellee's prayers and granting in addition lump sum alimony of $3,000. Neither the divorce hearing nor the hearing on appellant's motion to dismiss the contempt was

transcribed, so there is no transcript of either in the present record.

As to what happened at the trial of the divorce, the judgment of divorce indicates only that there was "evidence submitted as provided by law." In addition, the order denying the motion to dismiss states that a lawyer "was employed to represent the Respondent in a divorce case and was present when the trial of the case was conducted; and . . . that no objection or further action was taken to contest the award of alimony."

Appellant argues that *Pray v. Pray,* 223 Ga. 215 (154 SE2d 208) (1967), and *Lambert v. Gilmer,* 228 Ga. 774 (187 SE2d 855) (1972) require reversal. In *Pray,* this court reversed an award of alimony where the wife's complaint prayed only general relief and made no specific prayer for alimony, although the issue of alimony was tried (over the husband's objection). This court applied the rule that "relief cannot be granted for matter not alleged or prayed for."

The rule in *Pray* was changed by the Civil Practice Act. Code § 81A-115 (b) states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Code § 81A-154 (c) states: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default,

every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief."

In *Lambert,* this court considered the applicability of these Civil Practice Act provisions to a divorce and alimony case. There, an action for contempt of an alimony judgment was brought against an ex-husband, and he filed a motion to dismiss on the ground that the alimony award was void because alimony had not been sought in the divorce proceeding. The trial court granted the motion. This court affirmed. The record showed that the complaint for divorce had contained no prayer for alimony, that no amendment had been filed, and that the husband had not answered or otherwise defended. On these facts, the court found Secs. 81A-115 (b) and 81A-154 (c) inapplicable. The court stated: "A divorce petition which gives no indication by its pleadings that the wife is seeking an alimony judgment could not be amended by the introduction of evidence where the husband has filed no pleadings and does not litigate the issues at trial."

The present case is distinguishable from *Lambert.* In *Lambert,* the record clearly showed that the husband neither answered nor defended. In the present case, the record before this court shows that, although appellant never answered, he was represented at the divorce hearing by a lawyer and the lawyer made no objection to the award of alimony. The burden is on appellant, as the party attacking the judgment, to demonstrate that it was void. Appellant has not demonstrated that the judgment was void on the present record.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 10, 1975 — DECIDED SEPTEMBER 11, 1975.

*T. Michael Chambers,* for appellant.
*Richard W. Lay,* for appellee.