### 34057. CALE v. CALE.

BOWLES, Justice.

The parties to this action were granted a total divorce in Forsyth Superior Court following a jury trial. The wife was awarded custody of the parties' two minor children. In addition to rendering the verdict for divorce, the jury awarded the appellee wife alimony and child support. The wife was also given title to the family home, the personal property contained therein, a boat and dock, and an automobile as part of her permanent alimony. No objection to the form of the verdict was made by appellant at trial. A final judgment and decree consistent with the jury verdict was entered. The husband appeals the judgment. We affirm.

1. Appellant complains that the trial court erred in failing to call the attention of the jury to the faults of the verdict, when the verdict was ambiguous as to the division of the parties' real and personal property.

The jury verdict clearly provided that the appellee

was to have title to the family home and furnishings, the Impala automobile, and the boat and dock. The judgment followed the intent of this verdict by more fully describing the property to be transferred to the appellee. See *Collins v. Collins*, 229 Ga. 222 (2) (190 SE2d 539) (1972). We do not find this portion of the verdict to be ambiguous.

We find no evidence or allegation of an implied trust and no pleadings or evidence seeking partitioning of jointly owned assets. Therefore title to property, including jointly owned property, not described in the verdict and judgment is unaffected by the divorce decree and remains titled in the name of the owner or owners before the decree was entered. Any future issues as to the management, division or disposal of this jointly owned property should be treated as they arise, without regard to the previous status of the parties as husband and wife.

There was no error made by entering judgment on the verdict.

2, 3. Appellant complains on appeal that evidence was admitted, over objections, which impeached his testimony, without a proper foundation having been laid as required by Code Ann. § 38-1803.

He also complains that evidence was admitted which tended to show hostile feelings between appellant and appellee's attorney.

We have reviewed the portion of the transcript complained of by appellant and find that he made no proper objections at trial. Having failed to properly object there, he cannot assign error as to the objectional testimony for the first time on appeal. *Meeks v. Meeks*, 209 Ga. 588 (74 SE2d 861) (1953).

4. Appellant complains that the trial court abused its discretion in failing to award him permanent custody of the parties' two minor children.

We have reviewed the evidence, and find no merit in appellant's argument. The judgment of the trial court will not be disturbed. *Sullivan v. Sullivan*, 241 Ga. 7 (243 SE2d 35) (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED NOVEMBER 22, 1978.

*Torin D. Togut,* for appellant.

*Lipscomb, Manton & Johnson, John P. Manton,* for appellee.