### 56901. LEE v. LEE.

DEEN, Presiding Judge.
Plaintiff, Alton L. Lee, filed a trover action to recover certain items of personal property which were in the

possession of his former wife, Mary Joyce Lee. He claims that the ownership to this property was not litigated in their divorce action. The defendant answered denying that the property belonged to her former husband and moved to dismiss his complaint contending that all issues and claims were or should have been raised in the prior divorce action. Plaintiff appeals from an order of the trial court granting summary judgment to Mrs. Lee.

The record shows that personal property was not scheduled in Mrs. Lee's divorce complaint, and she did not pray that it be awarded to her. The record shows that on July 13, 1977, the trial court entered a temporary order awarding the wife "the sole and exclusive use of the home of the parties together with household furnishings therein." However, the jury verdict entered on November 8, 1978, shows that she was awarded $185 a month child support, but no other alimony.

"Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree." *Fletcher v. Fletcher,* 143 Ga. App. 404, 405 (238 SE2d 753) (1977).

Because the divorce decree did not fully adjudicate the rights of the Lees in the personal property involved, it was error for the trial court to grant summary judgment to Mrs. Lee in plaintiff's trover action.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED DECEMBER 1, 1978.

*Elkins, Flournoy & Gemmette, James A. Elkins, Jr.,* for appellant.

*Hirsch, Beil & Partin, John T. Partin,* for appellee.