## 37867. RANDALL v. DYCHE.

GREGORY, Justice.

An ex-wife brought this action against her ex-husband praying for a modification of their divorce decree entered February 6, 1976. The trial court, upon motion, dismissed plaintiff's petition.

The 1976 decree incorporated a settlement agreement which placed custody of two minor children in the husband; allowed the husband to retain possession of the marital residence; divided contents of certain checking and savings accounts; allowed each party to "retain" a certain automobile; and provided for payment of attorneys' fees by the husband. The agreement went further to provide: "There are other real and personal properties, a division of which is not practical at this time, and the parties hereto agree that at this time, it is not a subject matter of this Court."

In this action the ex-wife alleged that she is entitled to one-half of the equity in two parcels of real estate. The deeds attached as exhibits to the complaint show title to the real estate in the ex-husband.

It is the position of the ex-wife that there was a reservation of jurisdiction in the Superior Court contained in the 1976 decree. Under that reservation she now says the court should divide the real estate. We do not agree.

We have recognized the right of the parties in a divorce action to agree to a reservation of jurisdiction in the court to later modify a final decree for alimony. *Anderson v. Anderson,* 230 Ga. 885 (199 SE2d 800) (1973); *Bickford v. Bickford,* 229 Ga. 229 (190 SE2d 70) (1972); *Hardy v. Pennington,* 187 Ga. 523 (1 SE2d 667) (1939). Here the ex-wife asks for a property division. It is unclear whether she claims the right to a property division based upon alimony, the existence of a trust or rights recognized in *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980). Whether or not jurisdiction may be reserved as to the issue of property division, it was not done under the agreement and decree in this case. The language quoted does not deal with retention of jurisdiction, and we do not so construe it. The complaint failed to state a claim upon which relief can be granted and was properly dismissed. Code Ann. § 81A-112 (b) (6).

We point out that our holding is limited. The parties failed to reserve jurisdiction in the trial court. This does not preclude appellant from pursuing rights she may have in the property not determined in the divorce action.

*Judgment affirmed. All the Justices concur, except Marshall, Smith, and Weltner, JJ., who dissent.*

*Best & Woodson, Clifton Woodson,* for appellant.
*Thomas K. McWhorter,* for appellee.