### 38647. STUMPF v. STUMPF.

SMITH, Justice.

Appellee Charles J. Stumpf filed for divorce from appellant Jo E. Stumpf on the ground that their marriage was irretrievably broken. Appellant answered and counterclaimed for alimony and equitable property division. Prior to trial, the court granted appellee's motion in limine to prevent the introduction of evidence that he was receiving $18,000 per year in military retirement pay. We granted discretionary review and now reverse.

The narrow question presented by this appeal is whether evidence of the existence and amount of military retirement pay is relevant to the determination of an alimony award in a divorce action.[1] The court below, relying on McCarty v. McCarty, 453 U. S. 210 (101 SC 2728, 69 LE2d 589) (1981) and Hisquierdo v. Hisquierdo, 439 U. S. 572 (99 SC 802, 59 LE2d 1) (1979), granted appellee's motion in limine and issued an order stating, in part, that "[appellant] and her counsel are ordered ... not to mention, refer to, interrogate concerning, or attempt to convey to the trier of fact in any manner . . . any evidence of [appellee's] retirement benefits."

In Georgia, alimony is "an allowance out of one party's estate, made for the support of the other." Code Ann. § 30-201. An alimony award is made "in accordance with the needs of the party and the ability of the other party to pay," Code Ann. § 30-201; *Baldwin v. Baldwin,* 226 Ga. 680 (177 SE2d 85) (1970). "In determining what amount may be necessary for the support and maintenance of the wife, the jury may take into consideration ... [the husband's] age, the condition of his health, his material resources, his present income, and any previous allowance voluntarily made by the husband for the

---

[1] Because the sole issue raised by the parties to this appeal is the relevance of the existence of military retirement pay to an award of alimony, we need not discuss what effect, if any, our decision in this case has on the equitable distribution of marital assets under our recent case of *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980). We do note, however, that a federal statute clarifying this troublesome area of the law is currently pending in Congress. See S. 1814, 97th Cong., 2d Sess. (1982); S. Rep. No. 97-502, 97th Cong., 2d Sess. 1 (1982) ("The primary purpose of the bill is to remove the effect of the United States Supreme Court decision in McCarty v. McCarty ... by permitting Federal, State, and certain other courts, consistent with the appropriate laws, to once again consider military retired pay when fixing the property rights between the parties to a divorce, dissolution, annulment or legal separation . . .").

support of the wife." *Fried v. Fried,* 211 Ga. 149, 151 (84 SE2d 576) (1954). See also Code Ann. § 30-209 (a) (1981 Supp.) (listing eight factors, including "the financial resources of each party," to be considered in awarding alimony). The jury is permitted to consider all of appellee's assets when considering his ability to pay alimony. See *Hand v. Hand,* 244 Ga. 41 (257 SE2d 507) (1979). Juries are given broad discretion in evaluating the evidence and determining the amount of an alimony award; consequently, "[i]t is impossible to fix any rule for a precise mathematical calculation of the amount of permanent alimony to be awarded." *McDonald v. McDonald,* 229 Ga. 702, 703 (194 SE2d 429) (1972). See *Jeffrey v. Jeffrey,* 206 Ga. 41 (55 SE2d 566) (1949).

Appellee urges that the U.S. Supreme Court's decision in McCarty v. McCarty, supra, controls the issues in this appeal. We disagree. At the outset, we note that federal courts rarely impinge on state domestic relations law. "State family and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden . . . The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require nonrecognition." McCarty v. McCarty, 453 U. S. at 220.

In McCarty, the husband had served eighteen of the twenty years necessary to qualify for military retirement pay when he filed for divorce in California, a community property state. California state courts held that his military retirement benefits were subject to division as quasi-community property, and ordered McCarty to pay his ex-wife a specified portion of the benefits upon retirement. On appeal, the Supreme Court held that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state community property laws upon the dissolution of a marriage. The Court noted that Congress intended that the military retirement system function as an armed services management device, creating incentives for older service members to retire and for younger, more vigorous persons to enlist. The Court reasoned that if McCarty's spouse were given a vested interest in his pension as community property, McCarty and other service members like him would have a disincentive to retire, since a divorced service member could make more money by remaining in the service than by retiring. This is so because the ex-spouse would have a vested right to part of his pension but not to income earned after divorce, which is not community property. Therefore, the Court held that military retirement pay is a "personal entitlement" of the service member not subject to

community property division. However, the Court went on to recognize that "the plight of an ex-spouse of a retired service member is often a serious one . . . That plight may be mitigated to some extent by the ex-spouse's right . . . to garnish military retired pay for the purpose of support." Id. at 235.

The case at bar differs from McCarty in two material respects. First, appellee has already retired from the armed services, thus advancing the federal interest in a vigorous, youthful military that was central to the court's rationale in McCarty. Second, appellant's right to alimony under Georgia law is properly characterized as a means of support based on need, not as an absolute right to one-half of appellee's retirement pay. In this regard, the Court in McCarty was careful to point out that military retirement pay is subject to state awards based on support and alimony obligations. 453 U. S. at 230. See 42 USCA § 659 (a) (making all federal benefits, including those payable to members of the armed services, subject to legal process to enforce child support or alimony obligations). Our decision today does not conflict with the mandate of McCarty. McCarty protects military retirement benefits from distribution as community property in a divorce action; Georgia law protects the ex-spouse by awarding alimony based on need. Our law requires that the jury consider the needs of the parties and their ability to pay, balancing the relevant factors to arrive at a just and equitable alimony award.

We therefore hold that a jury can hear evidence concerning all of appellee's assets, including his military retirement pay, as relevant to an award of alimony. Appellee is entitled to receive his full pension unencumbered by another vested property interest. Once possession is transferred to appellee, however, the pension becomes an asset subject to distribution as alimony pursuant to Georgia divorce law. The trial court erred when it entered an order keeping evidence of appellee's retirement pay from the jury.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Ranitz, Mahoney, Forbes & Coolidge, John F. M. Ranitz, Jr.,* for appellant.

*Carl S. Pedigo, Jr.,* for appellee.