## 42381. NORMAN v. NORMAN.
### (334 SE2d 687)

CLARKE, Justice.

Mr. Norman (appellant) and Mrs. Norman (appellee) were divorced in 1972. Mrs. Norman filed a modification action in 1984 which included prayers for enforcement of certain provisions of the 1972 decree. The court reserved for later decision the question of child support arrearages and pay out for stocks which Mrs. Norman alleges have been sold. The court awarded Mrs. Norman an increase in alimony and child support, required Mr. Norman to pay for a portion of the orthodontal treatment of one of the children, and awarded attorney fees to Mrs. Norman.

Mr. Norman appeals the award of attorney fees on the ground that attorney fees were not available in an action brought to modify a pre-1977 judgment. He is correct in his contention that under OCGA § 19-6-18 attorney fees are not available to a non-obligated party who files an action to modify a pre-1977 decree. This is true even though pursuant to OCGA § 19-6-19 attorney fees are available to the prevailing party in actions to modify post-1977 decrees.

Because the decree which is being modified here is a 1972 decree, attorney fees would not be ordinarily available. However, in this case the complaint was brought both to enforce the 1972 judgment and to modify that judgment. Although most of the enforcement claims were reserved for later hearing, part of the relief granted in the order appealed was enforcement of the 1972 judgment that Mr. Norman keep the children insured under his group medical coverage at the place of his employment. The court found that $800 of the amount necessary for orthodontal treatment of one of the children would be covered by his insurance. The court ordered that he do whatever was necessary to obtain this insurance coverage and then pay half the remaining balance.

Because the complaint for modification also sought the enforcement of the 1972 judgment, the action was not purely an action for modification. Therefore, under OCGA § 19-6-2, the award of attorney fees was in the discretion of the court.

*Judgment affirmed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED OCTOBER 1, 1985 —
RECONSIDERATION DENIED OCTOBER 17, 1985.

*John J. Capo,* for appellant.
*Jack P. Turner, Anne H. Jarrett,* for appellee.