## 44221. HOLLER v. HOLLER.
(354 SE2d 140)

MARSHALL, Chief Justice.

The appellee filed a petition against her ex-husband (appellant) to modify the parties' 1982 divorce decree so as to grant her an equitable division of the defendant's military retirement pension benefits. She alleged that the settlement agreement, which was incorporated in the decree, purported to resolve all issues regarding alimony and property division, but that the pension benefits, which were vested at the time of the divorce, were not subject to property division in favor of the spouse in divorce cases under the law in effect at the time of their divorce, which law subsequently had been changed by the Uniformed Services Former Spouses' Protection Act, 10 USC 1408.[1] The trial court denied the defendant's motion to dismiss the petition. We reverse.

Assuming that vested and unvested military retirement benefits acquired during the marriage are now marital property subject to equitable division (see *Stumpf,* supra; *Courtney v. Courtney,* 256 Ga. 97 (2) (344 SE2d 421) (1986)), the issue before us is whether the divorce decree, which purported to settle all issues regarding alimony and property division, can be modified so as to grant an equitable division of these benefits, which were not subject to equitable division at the time of the divorce.

The plaintiff-appellee properly concedes that OCGA § 19-6-19 is not authority for the modification or revision of judgments for equitable division of property. The right to permanent alimony in conjunction with divorce is derivable solely from statutory law, *Summerlin v. Summerlin,* 247 Ga. 5 (274 SE2d 523) (1981); *Lloyd v. Lloyd,* 183 Ga. 751 (189 SE 903) (1937), and the statutory law in OCGA §§ 19-6-18 through 19-6-27 "provides the exclusive method by which the alimony provisions of a divorce decree may be revised and modified." *Fuller v. Squires,* 242 Ga. 475, 477 (2) (249 SE2d 261) (1978) and cit.; OCGA § 19-6-26 (a). Similarly, it was held in *Stokes v. Stokes,* 246 Ga. 765, 768 (3) (273 SE2d 169) (1980), Bowles and Marshall, JJ., dissenting, that equitable division of property in conjunction with divorce is derivable from statutes (OCGA §§ 19-5-5 (6); 19-5-13), hence revision or modification of the provisions of a divorce decree for equitable division of property is permissible only if and as authorized by statute. Although then Justice Hill, in his concurring opinion in *Stokes,* supra, p. 773, refers to separating the components of the permanent-alimony award, in which he seems to include, on p. 772, the component of equitable division of property, "[i]t cannot be denied that alimony

---

[1] See *Stumpf v. Stumpf,* 249 Ga. 759, fn. 1 (294 SE2d 488) (1982).

and equitable property division are not synonymous. See *Stokes v. Stokes,* supra." *Peters v. Peters,* 248 Ga. 490, 491 (2) (283 SE2d 454) (1981). Thus, the definition of permanent alimony within OCGA Ch. 19-6 is not sufficiently broad to include the revision or modification of awards of equitable division of property within the scope of OCGA § 19-6-19.

The plaintiff-appellee contends that OCGA § 9-11-60 (h) provides that a judgment may be set aside or modified for *just cause,* and that this would authorize the revision or modification here sought. However, the exact wording of the pertinent portion of that subsection is that "generally judgments and orders *shall not* be set aside or modified *without just cause* and, in setting aside or otherwise modifying judgments and orders, the court shall consider whether rights have vested thereunder and whether or not innocent parties would be injured thereby . . ." (Emphasis supplied.) Rather than authorizing *any* judgment to be set aside or modified any time there is deemed to be "just cause," however, this subsection merely provides for conditions for setting aside judgments and orders which are subject to attack by either of the two[2] exclusive methods of direct attack prescribed in § 9-11-60, i.e., motion for new trial or motion to set aside, neither of which is applicable here.

We are aware of no statute, hence no basis, authorizing the revision or modification here sought. Had the General Assembly wished to authorize such a proceeding, such statutory authority could have been enacted in the interim following this court's recognition/creation of the right to equitable distribution of property in 1980 in *Stokes,* supra. The general policy of this state is against the retroactive operation of laws. See Art. I, Sec. I, Par. X, 1983 Ga. Const.

In *Randall v. Dyche,* 248 Ga. 438 (284 SE2d 18) (1981), we pretermitted the issue of whether or not jurisdiction may be reserved as to the issue of property division, and held that the parties' failure to so retain jurisdiction in their settlement agreement, though barring the right to modify the divorce decree, nevertheless "does not preclude [the plaintiff] from pursuing rights she may have in the property *not determined in the divorce action.*" (Emphasis supplied.) *Randall* is not authority for modification here, however, where the issue of property rights *was* determined in the divorce action, albeit without consideration of the benefits in question, which were not available to the plaintiff under then-existing law.

We note that the same result is probably reached by the analysis

---

[2] A third method — the use of a complaint in equity to set aside a judgment, provided by former § 9-11-60 (e) — was specifically prohibited by the 1986 amendment. Ga. L. 1986, p. 294, § 1, effective July 1, 1986, hence was not available, even if applicable, as of the filing of the present petition on August 7, 1986.

employed by Justice Weltner in his concurring opinion in *Rooks v. Rooks,* 252 Ga. 11, 18 (311 SE2d 169) (1984), in which he advocated that we "cast off the servitude of our old labels, which generated the distinction between 'alimony' and 'equitable division,' " and "consider instead *the substance of the permissible re-arrangement of economic resources cognizable under our law."* Id. p. 14. At p. 17, he categorizes all allocations as either *fixed* allocations, which, "being already perfected (or completed, or vested), are *not* subject to modification," and "terminable allocations," viz., "allocations of existing or anticipated economic resources the right to receive which, or to continue to receive which, is terminable either ex vi termini the allocation itself, or by operation of law," which *are* subject to modification. Under this analysis, the defendant's pension benefits, being already vested, might be considered a *fixed* allocation, hence not subject to modification. See also *Stone v. Stone,* 254 Ga. 519 (330 SE2d 887) (1985). We also note that evidence of military retirement benefits already being collected by the husband, can be considered as to the issue of alimony. *Courtney v. Courtney,* 256 Ga. 97, supra, (1) and cits.

The petition failed to state a claim upon which relief can be granted, and should have been dismissed. OCGA § 9-11-12.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 9, 1987.

*Donald E. Strickland,* for appellant.
*Ralph O. Scoccimaro,* for appellee.