S90A1182. McDONOGH v. O'CONNOR.
(400 SE2d 310)

SMITH, Presiding Justice.

The appellee, Karen O'Connor, filed actions against the appellant, F. Allen McDonogh, for contempt, modification of visitation, and modification of child support. The trial court awarded the appellee attorney fees, and at the request of the appellant, the fees were allocated. The fees at issue in this appeal involve the $5,000 that were allocated to the modification of visitation. The appellant argues that there is no authority under the law to allow the appellee the $5,000 allocated to the modification of visitation. We disagree with the appellant, and therefore affirm.

As a general rule expenses of litigation, including attorney fees are not allowed. Each litigant is to share her own burden; however, in the area of domestic relations our General Assembly has made provisions for the trial court to have discretion in awarding attorney fees. As stated by Justice Weltner in *Crecelius v. Brooks*, 258 Ga. 372 (369 SE2d 743) (1988): "The issue of attorney fees in divorce cases is remedial and ought to be considered broadly by the trial court. . . ." This Court in *Johnson v. Johnson*, 260 Ga. 443 (396 SE2d 234) (1990) stated:

> The General Assembly has granted trial courts broad discretion in awarding attorney fees and the costs of litigation in alimony and divorce cases. OCGA § 19-6-2. The purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved. [Cit.]

The statute grants discretion in awarding attorney fees "whether the action is for alimony, divorce and alimony, or contempt of court

arising out of either an alimony case or a divorce and alimony case. . . ." OCGA § 19-6-2. The action filed by the appellee was an action to modify visitation, an action for contempt, and an action to modify child support. "[T]he action was not purely an action for modification [of visitation]. Therefore, under OCGA § 19-6-2, the award of attorney fees was in the discretion of the court." *Norman v. Norman*, 255 Ga. 32 (334 SE2d 687) (1985) (overruled on other grounds in *Crecelius v. Brooks*, 258 Ga. 372, supra).

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge William M. Fleming, Jr., concur; Weltner, J., not participating.*

DECIDED JANUARY 7, 1991 —
RECONSIDERATION DENIED FEBRUARY 28, 1991.

*Hurt, Richardson, Garner, Todd & Cadenhead, Edward E. Bates, Jr., Steven H. Koval,* for appellant.

*Sumner & Hewes, William E. Sumner, Rosemary Smith, David A. Webster,* for appellee.