## S93A0511. MITCHELL v. MITCHELL.
### (430 SE2d 350)

SEARS-COLLINS, Justice.

The parties were divorced following a jury trial on May 6, 1992. The jury found, "as to the issue of property division, none." However, the jury awarded certain real and personal property to the wife, Bonnie Mitchell, as "alimony." Among the items awarded to the wife were two parcels of real estate and a tractor.[1] Announcing the verdict in court, the jury foreperson, after reciting those and the other items awarded to the wife, stated that the husband, John Mitchell (the appellant), was to receive "the remainder of the property." The foreper-

---

[1] The items awarded to the wife were: lot number 10 and lot number 11 of "the property on Emerald Drive"; a "twenty-foot permanent easement on the westerly border of lot number 6 from Emerald Drive to Lake Spivey"; tractor; new lawnmower; new boat and trailer; Cadillac; Corvette and t-tops; horses and a portion of the horse trailer; trusteeship of stock belonging to the parties' child; 1986 truck; household furnishings in the house where the appellee was then living; $24,000 to be paid in a lump sum within approximately four months of the verdict; and payments of $2,000 per month for three years.

son's last statement does not appear on the jury's written version of the verdict, and does not appear in the final judgment and decree.

After the judgment and decree were entered, the wife refused to turn over to the husband a third parcel of land jointly owned by the parties and titled in both of their names, as well as certain attachments to the tractor (trailer, bush hog, disc harrow, front-end loader, and box landscaper), all of which the wife admits are marital property, and which were not among the specific items awarded to the wife by the jury. The husband filed a motion for modification of the judgment, contending that the judgment "does not effectually and fully [carry out] the jury's verdict," OCGA § 19-5-13, because it does not provide that the husband shall receive "the remainder of the property," which was part of the verdict as announced by the jury foreperson. The husband argued that by awarding the husband "the remainder of the property," the jury intended for him to receive all marital property not specifically awarded to the wife, including the tractor attachments and the wife's portion of the jointly titled real property.

The trial court denied the motion to modify the judgment because it was filed more than 30 days after the judgment was entered. With respect to the attachments, however, the trial court held, in the form of a "nonsubstantive interpretation" of the decree, that the attachments were "parts" of the "whole" tractor, and as such were implicitly included in the award to the wife.

1. We find that because the jury expressly declined to make an equitable division of property between the parties, and the husband did not pray for alimony, the parties' ownership interests in any marital property not addressed by the jury in its specific award of alimony to the wife remain as they were before the decree was entered. See *Cale v. Cale*, 242 Ga. 600, 601 (250 SE2d 467) (1978);[2] *Lee v. Lee*, 148 Ga. App. 321, 322 (251 SE2d 171) (1978); see also *Randall v. Dyche*, 248 Ga. 438 (284 SE2d 18) (1981) (regarding ex-spouse's pursuit of property rights not determined in divorce action). For the same reasons any part of the jury's oral pronouncement of the verdict which may be construed to award the husband any portion of the marital property was mere surplusage. See *Pray v. Pray*, 223 Ga. 215 (154 SE2d 208) (1967) (award of alimony erroneous where none prayed for). Therefore, as neither the real property nor the tractor attach-

---

[2] In *Cale*, this Court stated as follows:
[T]itle to property, including jointly owned property, not described in the verdict and judgment is unaffected by the divorce decree and remains titled in the name of the owner or owners before the decree was entered. Any future issues as to the management, division or disposal of this jointly owned property should be treated as they arise, without regard to the previous status of the parties as husband and wife. *Cale*, 242 Ga. at 601.

ments were specifically awarded to the wife, and the parties do not dispute that they are marital property, the parties retain their pre-divorce ownership interests in both items of property.

2. For the wife to become sole owner of the attachments simply on the basis of her ownership of the tractor, the attachments must be "so attached" to the tractor as to become "one and the same thing." See *Austrian Motors v. Travelers Ins. Co.*, 156 Ga. App. 618, 621 (275 SE2d 702) (1980). In *Austrian Motors*, the Court of Appeals held that because tires and wheels are detachable and interchangeable, they are not so integral a part of an automobile as to allow ownership to pass by accession. We believe that the same analysis applies to the tractor attachments in this case, and that they are not so integral a part of the tractor that the wife's ownership of the tractor necessarily includes ownership of the attachments. Therefore, with regard to the tractor attachments, the decision of the trial court is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunstein, J., who dissents in part.*

Hunstein, Justice, dissenting in part.

I can concur with the majority's opinion only as to its holding regarding the real property. I am the first to admit that the disposition of tractor attachments in a divorce proceeding does not seem to be a matter worthy of a written dissent. But my concern is not with the mundane farm implements in this case, but rather with the majority's failure to apply well established principles of law that mandate affirmance of the trial court's ruling regarding those tractor attachments.

It is well established that the court may construe a verdict in the light of the pleadings and the evidence adduced at trial in order to conform to the reasonable intendment of the jury. See *Turley v. Turley*, 244 Ga. 808 (262 SE2d 112) (1979); *Gough v. Gough*, 238 Ga. 695 (2) (235 SE2d 9) (1977). The judge in the case at bar had presided at the trial of the divorce and had the pleadings before him when he construed the jury's verdict and ruled against Mr. Mitchell's claim for the tractor attachments. It is also well established that the appealing party has the burden of proving error by the record and that in the absence of anything to the contrary, this court should presume that a judge's ruling was authorized by the pleadings, admissions made by the parties, or by the evidence at trial. See *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990); *Newton v. Newton*, 222 Ga. 175 (2) (149 SE2d 128) (1966). Accord *Law v. Coleman*, 173 Ga. 68 (1) (159 SE 679) (1931). Mr. Mitchell, the appellant, chose not to include the pleadings or the trial transcript in the record on appeal, and the majority — without benefit of those pleadings or the evidence heard by the jury — has chosen to accept at face value Mr. Mitchell's

unsupported assertion that the trial court's ruling did not reflect the reasonable intendment of the jury, thereby ignoring the presumption of validity the law accords to the trial court's ruling.

That "tractor" does not include tractor attachments for owner-ship-by-accession purposes has no bearing on what the jury in this divorce case intended to include in its award or whether this trial court erred in determining the reasonable intendment of the jury, as shown by pleadings and evidence not before the appellate court. That an appellant claims a trial court's ruling was wrong does not justify ignoring legal presumptions and the evidentiary burdens placed on appealing parties. Because I would require Mr. Mitchell to prove the trial court's ruling was error and because there is nothing in the record to rebut the presumption that the trial court's ruling was correct, I dissent.

DECIDED JUNE 14, 1993.

*Albert B. Wallace, Stephen B. Wallace II,* for appellant.
*Arch W. McGarity, Thomas D. Carr,* for appellee.