S07F0155. STANLEY v. STANLEY.
(642 SE2d 94)

CARLEY, Justice.

Frederick Stanley (Husband) and Patricia Ann Stanley (Wife) were married in 1998. In 2005, he filed for divorce, seeking an equitable division of marital property, alimony and attorney's fees. The case was heard by the trial court sitting without a jury. After the trial, the trial court entered a final decree which dissolved the marriage, but did not award either party any marital property, alimony or attorney's fees. Husband applied for discretionary appeal, which was granted pursuant to this Court's pilot project in domestic relations cases.

1. Husband urges that the trial court erred by failing to award him any marital property. However, the trial court, sitting as the trier of fact, was not required to award him any of the marital property. See *Mitchell v. Mitchell*, 263 Ga. 182, 183 (1) (430 SE2d 350) (1993). The "trier of fact may award whole or part interest in [marital] property to one spouse . . . ." *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SE2d 600) (2003). The transcript shows that, after considering all of the

relevant facts and circumstances regarding the parties' marriage, the trial court found that the proper disposition of the case was to enter "a generic final judgment and decree of divorce which severs the marital relationship between the two of [them]." Having reviewed the evidence considered by the trial court, we cannot say that such disposition constitutes an abuse of the broad discretion that it possessed in addressing the matter of the equitable division of any marital property. See *Wright v. Wright*, supra at 134 (3). Thus, Husband has not carried his burden of showing error in the trial court's award. See *Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005).

2. Husband contends that, in connection with his equitable division claim, the trial court erroneously considered his disability benefits as a marital asset. Such benefits can be treated as an income source for alimony purposes, but, as Husband correctly maintains, they cannot be classified as marital property subject to equitable division. *Lanier v. Lanier*, 278 Ga. 881, 882 (1) (608 SE2d 213) (2005).

As noted, however, the trial court expressly declined to make any equitable division of property between the parties and chose, instead, to allow their ownership interests in any marital property to "remain as they were before the decree was entered. [Cits.]" *Mitchell v. Mitchell*, supra. Therefore, the trial court clearly did not treat Husband's disability benefits as an equitably divisible marital asset. The benefits were an element of his separate non-marital property before the divorce, and remain so now.

Rather than considering the benefits as an element of divisible marital property, the record shows that the trial court simply noted that the amounts in the parties' respective bank accounts were essentially equivalent and that those accounts were "technically speaking, marital money." Unlike Husband's future entitlement to receive disability benefits, the accounts are comprised of presently fungible funds. Because the trial court decided that it would not make any disposition of the accounts, neither Husband nor Wife now has any greater or lesser interest in those funds than he or she had before the divorce.

> [T]itle to property, including jointly owned property, not described in the verdict and judgment is unaffected by the divorce decree and remains titled in the name of the owner or owners before the decree was entered. Any future issues as to the management, division or disposal of [any] jointly owned property should be treated as they arise, without regard to the previous status of the parties as husband and wife.

*Cale v. Cale*, 242 Ga. 600, 601 (1) (250 SE2d 467) (1978). Thus, to the extent that Husband had any interest in the funds in the accounts or in any other element of marital property, he retains that interest notwithstanding the divorce.

3. Husband urges that the trial court erroneously failed to comply with the mandate of OCGA § 19-6-5 (a). Under that provision, the finder of fact "shall" consider certain enumerated factors in determining the amount of alimony, "if any," to be awarded. Here, however, the trial court decided that it would not award alimony at all. "[A]limony is authorized, but is not required, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." OCGA § 19-6-1 (c). Thus, having concluded that alimony would not be awarded, the trial court's consideration of the factors relevant to determining the amount thereof was obviated.

4. Husband contends the trial court abused its discretion by failing to consider the parties' financial circumstances when it denied his request for attorney's fees. However, a review of the record shows that, after a thorough consideration of the parties' financial circumstances, the trial court denied Husband's request for attorney's fees. In doing so, the trial court did not abuse the discretion granted to it by OCGA § 19-6-2 (a) (1). *McDonogh v. O'Connor*, 260 Ga. 849 (400 SE2d 310) (1991); *Wilson v. Wilson*, 243 Ga. 637 (256 SE2d 334) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Deanna H. Powell*, for appellant.
Patricia A. Stanley, *pro se*.