**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 12, 2021**

# In the Court of Appeals of Georgia

A20A2120. BASS v. MEDY.                                   DO-075

DOYLE, Presiding Judge.

Narkeshia Bass ("the Mother") and Kettler Medy ("the Father"), who never married, are the parents of two children born in 2003 and 2005. The Father filed a petition for modification of his visitation in the Superior Court of Fayette County. Following a hearing, the Mother moved to recuse the trial judge. The trial court denied the motion to recuse and entered a temporary modification order giving the Father sole legal and physical custody of the children, modifying the Mother's visitation rights and increasing the Mother's child support obligation. The Mother appeals the temporary modification order, arguing that the trial court erred by modifying custody and child support (1) absent a request therefor or notice, and (2) without a finding that there had been a substantial change in circumstances and that

custody modification was in the best interests of the children. The Mother also appeals the denial of her motion to recuse.[1] For the reasons that follow, we reverse the temporary modification order and affirm the order denying the Mother's motion to recuse.

The record shows that in 2013, the Fulton County Superior Court entered a final order adopting the parties' mediated settlement agreement (1) granting joint legal custody; (2) granting primary physical custody to the Father; (3) setting a visitation schedule for the Mother; (3) and ordering the Mother to pay $150 per month in child support. In 2019, the Father filed the instant petition for modification of visitation in Fayette County, requesting: attorney fees; that the court issue a standing order; that the Mother's visitation cease immediately; and that the court award him "such other and further relief as [it] deems just and proper."[2] The Mother

---

[1] The Father did not file an appellate brief.

[2] The Father alleged that the Mother failed to maintain meaningful contact with the children and failed to exercise her visitation rights and that ceasing visitation was in their best interests. The Father attached to the petition statements from both children stating that they wanted "to have say-so of when to have visitation with [the Mother]," and the daughter stated that she did not "feel comfortable" staying with the Mother.

filed a pro se response, alleging that the Father had denied her visitation with the children.

On May 3, 2019, the Father filed a motion for in camera examination of the children. On July 31, 2019, the trial court entered a scheduling order, noting that the motion for in camera examination had been filed and scheduling a September 18, 2019 hearing "on this motion . . . and all other pending motions." The court also "request[ed] that both minor children be available for meeting with the [c]ourt."

At the September hearing, the Mother, who was represented by counsel, objected to the court addressing any issue other than the motion for in camera examination, but the trial court proceeded over her objection and heard testimony from the parties and the children and admitted evidence. At the conclusion of the hearing, the trial court orally announced that the Mother's long-term, unexcused absence from the children's lives constituted a substantial change in circumstances that materially affected the children's welfare. The court also awarded the Father sole legal and physical custody, ordered that visitation and contact with the Mother would be at the children's discretion, declared that discovery was closed, and directed counsel to run the child support calculations based upon the income amounts admitted to at the hearing and to submit them to the court. The court also directed the

parties to reappear for additional hearings in October, November, and December 2019.

In September 2019, the Mother filed a motion to recuse. Following a hearing, a separate trial judge denied the motion in February 2020. In March 2020, the Father filed an amendment to his petition for modification of visitation to include a request for modification of custody and child support. Eleven days later, the trial court entered a "temporary modification order" granting the Father sole legal and physical custody, directing that the Mother would have visitation at the children's discretion, and ordering the Mother to pay the Father monthly child support in the amount of $809. This appeal followed.

1. The Mother contends that the trial court erred by modifying custody and child support without notice to her and because the Father had not requested such relief. We agree.

As the Supreme Court of Georgia has explained,

> [t]he constitutionally-guaranteed right to due process of law is, at its core, the right of notice and the opportunity to be heard. Neither the federal nor the [S]tate constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party has reasonable notice and opportunity to be heard, and to present [her] claim

4

or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.[3]

Here, the order issued by the trial court scheduled the September 2019 hearing for the Father's motion for an in camera examination of the minor children "and all other pending motions." But there were no other pending motions.[4] And the Father's initial modification petition sought only to modify visitation, making no claim for custody or child support modification or for temporary relief. At the hearing, the Mother repeatedly objected to the trial court expanding the hearing beyond the only pending motion. In fact, at no time during the hearing did the Father seek a change in custody or child support; it was the trial court that interjected those issues into the

---

[3] (Punctuation omitted.) *CML-GA Smyrna, LLC v. Altanta Real Estate Investments, LLC*, 294 Ga. 787, 788 (1) (756 SE2d 504) (2014), quoting *Cobb County School Dist. v. Barker*, 271 Ga. 35, 37 (518 SE2d 126) (1999).

[4] At the hearing, the trial court asked counsel whether there was a pending motion for a temporary hearing; the Father's counsel said there was, and the Mother's attorney disagreed. The record on appeal does not include one. After reading the modification petition, the trial court stated, "Well, it can be stated in the pleadings." Although the modification petition did state that it was "in the best interest of the minor children that [the Mother's] visitation with the minor children ceases immediately," the petition did not request a temporary hearing, nor did it request modification of child support or custody.

5

case.[5] "Consequently, the trial court's [custody and child support modification] violated [the Mother's] due-process rights because [the Father] never asked for such relief, either prior to or during trial, and, thus, [the Mother] had no meaningful opportunity to be heard or prepare a defense to th[ose] claim[s]."[6] The Father's post-trial amendment to his petition adding claims to modify custody and child support does not cure the error because the Mother was still denied the opportunity to present evidence or argument on those claims prior to the trial court's ruling. Accordingly, we reverse the trial court's modification of custody and child support.

2. The Mother also argues that the trial court erred by denying her recusal motion. We disagree.

In the motion to recuse, the Mother alleged that the trial judge "showed favoritism and deference to [the Father and the Father's counsel]" and that his actions

---

[5] At the close of the evidence, the Father's attorney reserved his right to a closing statement. After the Mother's attorney concluded her closing statements, the trial court announced its ruling and directed the Father's attorney to prepare the order before the Father's attorney presented his closing statement. The trial court did not raise the issue of modifying custody before it announced its ruling.

[6] *Spruell v. Spruell*, 356 Ga. App. 722, 726 (2) (848 SE2d 896) (2020) (reversing an alimony award to the mother because she never asserted a claim for alimony), citing *Lambert v. Gilmer*, 228 Ga. 774, 774-776 (187 SE2d 855) (1972); *Pray v. Pray*, 223 Ga. 215, 215-216 (154 SE2d 208) (1967).

and rulings "show that he is biased in favor of [the Father]." As examples, the Mother pointed to, among other things, the trial court's: insistence on making her attorney appear for the September 18, 2019 hearing after concluding a hearing in another court listed in a conflict letter; conducting the temporary hearing without notice to the Mother; interrupting the Mother's attorney during argument; suggesting the Father prove his attorney fees in the absence of a request for such fees; awarding temporary relief not requested by the Father; scheduling a trial that conflicted with the Mother's attorney's leave of absence; closing discovery over the Mother's objection; and waiving mediation.[7] On the day the recusal motion was filed, the trial court issued an order directing the trial court clerk to reassign the motion to the next available judge pursuant to Uniform Superior Court Rule 25.4 (c), and the clerk complied. After the reassigned judge held a hearing, he denied the motion to recuse, finding "no evidence that [the trial judge's] impartiality might be reasonably questioned." Specifically, the reassigned judge found that with regard to the hearing itself, the trial court simply required the parties to comply with Uniform Superior Court conflict rules and "instead of actions indicating partiality, bias[,] or prejudice, [the judge] did not

[7] The Mother attached as an exhibit to the recusal motion the affidavit of her attorney, and she filed an amended affidavit of her attorney as well.

impose any penalty against [the Mother's attorney] and refused to proceed with the hearing until [the Mother and her attorney] appeared." The reassigned judge also concluded that the trial judge gave both parties sufficient time to present their case and that there was no evidence that he was motivated by bias or prejudice when deciding to proceed with a temporary hearing over the Mother's objection.

"This Court reviews a trial court's denial of a motion to recuse for abuse of discretion."[8]

> [R]elevant to our analysis is former Canon 3 (E) (1) (a) and current Rule 2.11 of the Georgia Code of Judicial Conduct, which both provide that "judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned," including but not limited to instances when "the judge has a personal bias or prejudice concerning a party or a party's lawyer. . . ."[9]

It is well settled that the phrase

> "impartiality might reasonably be questioned" means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates. Additionally, recusal on this ground requires a

---

[8] *Serdula v. State*, 356 Ga. App. 94, 97 (1) (845 SE2d 362) (2020).

[9] Id.

8

rational basis for such questioning, not an arbitrary basis, even though no actual impropriety on the part of the trial court judge has been shown.[10]

"Moreover, the alleged bias must be of such a nature and intensity to prevent the complaining party from obtaining a trial uninfluenced by the court's prejudgment."[11] Finally, "[a]lleged bias requiring recusal must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[12]

In this case, the Mother does not point to any evidence of the trial court's bias or prejudice other than the fact that it gave the Father relief he never sought. Nevertheless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[13] Further, the Mother does not even suggest that the trial court's

---

[10] (Citation and punctuation omitted.) Id., quoting *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

[11] (Punctuation omitted.) *Jones County v. A Mining Group, LLC*, 285 Ga. 465, 467 (678 SE2d 474) (2009).

[12] (Punctuation omitted.) *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000), quoting *Birt v. State*, 256 Ga. 483, 485 (4) (350 SE2d 241) (1986).

[13] (Punctuation omitted.) *Barnett v. State*, 300 Ga. 551, 554 (2) (796 SE2d 653) (2017), quoting *Liteky v. United States*, 510 U. S. 540, 555 (II) (114 SCt 1147, 127 LE2d 474) (1994). See also *Butler v. Biven Software*, 238 Ga. App. 525, 526 (1) (522

9

purported bias stemmed from an extra-judicial source. Accordingly, we affirm the denial of the Mother's motion to recuse.[14]

3. Based on our holding in Division 1, we need not address the Mother's final enumeration.

*Judgment affirmed in part, reversed in part. McFadden, C. J., and Hodges, J., concur.*

---

SE2d 1) ("Mere dissatisfaction with the court's rulings is not a legally sufficient ground for recusal.") (punctuation omitted).

[14] See *Barnett*, 300 Ga. at 556 (2); *Vaughn*, 247 Ga. app. at 370 (2).